Jones *et al.* vs. Dougherty.

---

No. 45.—SEABORN JONES *et al. vs.* WILLIAM DOUGHERTY.

[1.] A writ of mandamus or prohibition will not be granted by this Court, to one of the Judges of the Superior Court, when acting as Chancellor, to restrain him from hearing and adjudicating a motion made before him, on the ground that one of the parties has excepted to his decision on a point made before him, during the hearing and progress of such motion, and sued out a writ of error thereon, and filed bond, &c. according to the Statute, before there has been any decision upon the main question involved in the original motion made before him.

[2.] The rule of this Court is, that either party may except to the decision of the Chancellor, during the progress of a motion before him; but that a writ of error cannot be filed, so as to operate as a *supersedeas*, until the *main question* involved in the original motion has been decided; and then, the party *against* whom the decision of the main question involved in the original motion shall be made, may except to such decision, file his writ of error thereon, and include all his other exceptions taken in the progress of the motion; and such writ of error, on a compliance with the terms of the Statute, will operate as a *supersedeas* to the *judgment*, which may be awarded by the Chancellor upon the *main question* involved in the *original* motion.

Petition for mandamus or writ of prohibition against Judge IVERSON, in a cause pending in Muscogee Superior Court.

The facts of this case are as follows :

By order of the Superior Court of Muscogee County, upon a bill filed for that purpose, by William Dougherty for himself and others, Seaborn Jones, who was a trustee named in a deed

of trust executed by Daniel McDougald, conveying certain property for the benefit of creditors, had been removed from said trust, and A. S. Rutherford appointed a receiver to collect and apply said trust funds. A motion was then made before the Judge at Chambers, by said Dougherty, that Seaborn Jones, Duncan McDougald, Ann Eliza McDougald and Alexander McDougald, be summoned to appear, on a day fixed, before the Court, to discover, on oath, what portion of said trust property they had in their hands respectively; to account for the same, and to turn it over, by proper conveyances, to said receiver.

To this motion Seaborn Jones, Ann E. McDougald and Duncan McDougald filed their answers in writing. Alexander McDougald was examined *ore tenus* before the Court and discharged from the order. The plaintiff then moved an additional order, requiring the said parties to answer certain interrogatories, in writing, by him propounded; which order was granted by the Court, after objection made by the defendants, who thereupon filed their bill of exceptions, returnable to the July Term, 1852, of the Supreme Court, for Americus, alleging the granting of said order as error and seeking to renew the same. This bill of exceptions was sanctioned by the Court, and bond filed in terms of the law.

Subsequently to the filing of this bill of exceptions, William Dougherty again appeared before the Judge in Chambers, and moved that a day be appointed on which said Duncan McDougald, Ann E. McDougald · and Seaborn Jones should answer said interrogatories; which motion, after objection made and argument, was granted by the Court.

And the said parties defendants now appear, by counsel, before this Court and move a writ of mandamus or prohibition, to be directed to the Judge of the Superior Court of Muscogee County, restraining all further proceedings of any kind, in said cause, and especially the order to answer last mentioned, until the decision of said bill of exceptions at the next Americus Term.

ALEX. C. MORTON, for the petitioners.

WM. DOUGHERTY, *contra.*

*By the Court.*—WARNER, J. delivering the opinion.

This is an application for a mandamus or prohibition, to the Judge of the Chattahoochie Circuit, to restrain him from proceeding to the adjudication of a motion pending before him, as Chancellor, on the ground, that decisions have been made by him during the progress of the motion, which have been excepted to, and taken up to this Court by writ of error, according to the provisions of the Statute, in such cases made and provided.

[1.] It appears from the record before us, that a receiver had been appointed by the Chancellor to receive and secure certain alleged trust property, specified in a deed of trust executed by Daniel McDougald, in his life time. Subsequently a motion was made before the Chancellor, that the petitioners should turn over into the hands of such receiver, the trust property alleged to be in their possession, the Chancellor, under our practice, performing the duties of a Master in Chancery in England, in regard to that motion. Proceedings were had before the Chancellor, from time to time, upon the motion, which had been made before him to turn over the trust property, and various rulings and decisions were made in relation to the legal points raised by the petitioners, to which they excepted, and sued out a writ of error to this Court, for the purpose of having such rulings and decisions reversed. The progress of the motion has been postponed from time to time, to suit the convenience of the respective parties, on their application, upon cause shewn, and the *main question* involved in the motion, (to wit,) whether the alleged trust property, in the hands of the petitioners shall be turned over by them into the hands of the receiver, has not yet been decided by the Chancellor. The question made for our consideration and judgment, is whether the petitioners can, by excepting to

the decisions of the Chancellor, made during the pendency and progress of the motion before him, upon points of law raised by them, sue out their writ of error, give bond and security, as required by the Statute, and have the same to operate as a *supersedeas*, to the further hearing and decision by the Chancellor of the *main question* involved in the *original* motion.

[2.] While it is unquestionably the right of the petitioners to except to the decisions of the Chancellor upon legal questions raised by them before him during the progress of the motion; yet, in our judgment, the suing out of a writ of error thereon, before the judgment of the Chancellor shall be awarded upon the *main question* involved in the *original* motion, is *premature*. *Non constat,* that the judgment upon the *main question* involved in the *original* motion, will be awarded against them by the Chancellor.

We consider the whole proceedings had before the Chancellor in relation to the motion to turn over the trust property into the hands of the receiver, as a *quasi* trial of that *main question,* and when the main question shall be decided by the Chancellor *against* them, then they will be entitled to except to that decision, and sue out their writ of error, in which all the exceptions taken to the rulings of the Chancellor, during the progress of the original motion before him, can be included, and made available to them on the hearing before this Court, if well founded in law; and such writ of error so sued out by the petitioners, upon a compliance with the provisions of the Statute, in such cases made and provided, will operate as a *supersedeas* to the judgment of the Chancellor upon the *main question* involved in the *original* motion.

The principle which must govern this application, was settled by this Court, in *Carter and Wife vs. Buchanan,* 2 *Kelly,* 338.

After citing the Act of 1845, organizing this Court, we said in that case : " This grant of jurisdiction was designed to be, and is, very broad. It attaches upon any *decision, sentence, judgment, or decree* which may be had before the Superior Courts, in any case, criminal or civil. Unlike the jurisdiction of the Supreme Court of the United States, it is not confined to *final*

*judgments.* It contemplates, unquestionably, writs of error upon interlocutory judgments; and such has been our construction of the law, for we have entertained writs founded upon orders to dissolve injunctions in Chambers, and upon *motions for new trials.* Yet there are some limitations to the grant. *There must be a decision, sentence, judgment, or decree, and that quoad the subject matter of it,* must not be *inchoate* or *interlocutory,* but *final.* It may be interlocutory as to the cause, but as to the point decided, it must be *final.*" The application for a mandamus or a prohibition to the Chancellor, is therefore, refused; and let judgment be entered on the record, in accordance with the views expressed in the foregoing opinion.