THE CITY COUNCIL OF AUGUSTA *v.* LOMBARD.

Where the action is against one defendant only, a writ of error will lie to a judgment overruling a general demurrer to the declaration, although the case is still pending in the court below.
November 10, 1890.

Practice in Supreme Court.

Reported in the decision.

JOHN S. DAVIDSON, for plaintiff in error.
TWIGGS & VERDERY, *contra.*

BLECKLEY, Chief Justice.

The case below was an action at law for damages. The declaration was demurred to generally at the appearance term. At a subsequent term the case came on to be heard "on the trial of said demurrer." The plaintiff amended the declaration, and thereupon the court overruled the demurrer. This was on the 4th of February, and on the 10th of February, 1890, the bill of exceptions was signed and certified. The errors alleged are that the court erred in allowing the amendment and in overruling the demurrer. On the call of the case here, counsel for the defendant in error moved to dismiss the writ of error because the case is still pending in the court below. On the argument of the motion some collateral facts were stated by counsel, and were admitted by opposing counsel to be correctly stated. But we find none of them set forth in the bill of exceptions, and consequently cannot make an authoritative ruling with them as a basis. We therefore leave them out of consideration altogether.

The pendency of the case below is no obstacle to a writ of error, where the decision complained of, "if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case." Code, §4250. Had the general demurrer to the declaration,

which the court overruled, been sustained, the action below would have been finally disposed of. It is manifest, therefore, that this writ of error was not prematurely brought. *Central R. R.* v. *Denson,* 83 *Ga.* 267.

*Motion denied.*

Note.—The writ of error was then withdrawn.