THE AUGUSTA FACTORY *v*. DAVIS.

1. There is no duty upon the judge of the superior court, after overruling a demurrer to the declaration, to suspend or postpone a trial [of the case by the jury on issues of fact. The defendant may either except *pendente lite* to the judgment overruling the demurrer, or wait until after the trial is concluded and make that judgment a subject of exception in a regular bill of exceptions.

2. A father may recover damages against the wrong doer for loss of labor and services of his minor child and for burial and other expenses incurred on account of the negligent homicide of the child, such child being old enough to perform labor and having lived for several days after the infliction of the injury resulting in death.

3. It would seem that the damages recoverable for loss of labor and services might be computed for the whole remnant of minority, though the mother of the child be living and might, under the act of October 27, 1837, have a right of action for the homicide, the father's action not being brought for the homicide, but for the loss of labor and services caused by the wrongful negligence of which death was one of the consequences.

July 20, 1891.

Practice. Exceptions. Parent and child. Negligence. Damages. Before Judge RONEY. Richmond superior court. October term, 1890.

Reported in the decision.

J. B. CUMMING and BRYAN CUMMING, for plaintiff in error.

TWIGGS & VERDERY, *contra*.

BLECKLEY, Chief Justice.

1. After overruling the demurrer to the declaration the judge, in the exercise of his discretion, and having doubts in his own mind of the correctness of his ruling on the demurrer, ordered the case to be withdrawn from

the jury.   This was done for the avowed purpose of
giving the defendant an opportunity to bring the case
to this court on writ of error in advance of a trial by
jury on the issues of fact.   Though it was in the power
of the court to suspend the trial, there was no duty in-
cumbent upon it to do so.   The defendant might have
entered exceptions *pendente lite* to the decision over-
ruling the demurrer.   *Bradley* v. *Saddler*, 54  *Ga.* 681.
Or without excepting *pendente lite*, the question on the
demurrer alone could have been brought here by reg-
ular bill of exceptions after the trial was over and a
recovery had by the plaintiff.   *Lowe* v. *Burke*, 79  *Ga.*
164 ; and see *Kitchens* v. *The State*, 80  *Ga.* 810.   Or
after a mistrial. · *Central R. Co.* v. *Denson*, 83 *Ga.* 267.
But it was not necessary that the trial should proceed
any further after the demurrer was overruled, in order
to render the judgment on the demurrer reviewable
here.   *City Council of Augusta* v. *Lombard*, 86 *Ga.* 165,
12 S. E. Rep. 212.

2. The plaintiff's daughter was 15 years of age, and
was injured on the 8th day of January, 1890.   She
survived until the 24th day of the same month, when
she died of her injuries.   The action is for the loss of
her labor and services, and for expenses incurred in her
last illness, death and ·burial.   The negligence of the
defendant which caused the injury and consequent
death was in furnishing unsafe machinery for the child
to work with, she being in the employment of the de-
fendant as a laborer in its cotton mill.   This neg-
ligence was a tort and the death resulted from it.
The plaintiff, according to all the better authorities,
would be entitled to recover the necessary expenses in-
curred by him in consequence of it, and also compen-
sation for the loss of the labor and services of his
minor daughter from the time she was disabled by the
injury until she died.   2 Thompson on Negl. 1272 and
notes ; 3 Lawson, Rights, Rem. & Pr. §1016.

3. This action not being for the homicide of the daughter but for the tort of which the homicide was only a consequence, and the gist of the suit being the loss of labor and services, the right of action was altogether independent of the act of October 27th, 1887, and the recovery would embrace damages for the loss of services of the daughter from the time of the injury until she would have been 21 years of age, according to the ruling of this court in McDowell v. Georgia R. R., 60 Ga. 320. Inasmuch as one and the same tortious act may cause separate and distinct damage to two persons, as for instance to master and servant (Smith on Master & Serv. *173), it is not easy to see how the scope of the father's damage as recognized prior to the act of 1887, would be contracted by the right of action given by that act to the mother, even where the conditions are such as to entitle the mother to sue and recover for the homicide. Her damages are arbitrarily measured by the statute at the full value of the life of the child, but this is not necessarily inconsistent with the duty on the part of the wrong-doer of compensating the father, on the basis of the prior law, for the damages sustained by him in the loss of the child's services up to the period of majority, in so far as those services would have been of value to him. The tort, with the homicide as an incident, might be treated as furnishing a cause of action to the father, and the homicide itself as furnishing a cause of action in behalf of the mother. In prescribing a measure of recovery for the latter, the legislature could make the value of the life the standard, without changing or intending to change the measure of recovery for the former. It does not appear, however, that the child now in question left any mother, nor was it needful that the declaration should disclose anything on that subject, the present action not being founded on the

act of 1887 but on the prior law. The contention that the prior law has been abrogated by implication is not sustainable, though it is doubtless true that a father when himself entitled to sue under the new act would have to elect between the remedy which it affords and the more restricted remedy afforded by the law as it stood before the act was passed. He could not sue severally for the homicide and for the original tort from which the homicide resulted, and recover in both actions. *Judgment affirmed.*