## MONTGOMERY v. KING.

1. Where a demurrer to a proceeding to foreclose a mortgage was overruled, and a bill of exceptions signed and filed, bringing the ruling to this court for review, this alone did not ipso facto operate to prevent the presiding judge from proceeding with the trial.

2. Where proceedings were instituted to foreclose a mortgage, in the name of the original mortgagee, for the use of certain persons to whom it was alleged that the security notes had been transferred, and no effort was made to cut off any defense which the mortgagor might have, a mere denial that the title to the notes was in the usees, and an allegation that they held such notes only as securities, did not furnish any valid defense to the foreclosure.

3. A general allegation in an answer, that the mortgagee has paid $50 or $60 for which no credit has been given, and that she is unable to give the sum or date of each payment, without alleging to whom, or when, or where such payments were made, is demurrable.

Argued January 22,—Decided May 16, 1906.

Foreclosure of mortgage.  Before Judge Henry.  Floyd superior court.

*Henry Walker,* for plaintiff in error.

*R. T. Fouché* and *M. B. Eubanks,* contra.

LUMPKIN, J.  In the act of December 10, 1845 (Acts of 1845, p. 18; 1 *Ga.* VII), under which this court was organized, it was provided that "all causes of a criminal or civil nature may, for alleged error in any decision, sentence, judgment, or decree of any such superior court, be carried up."  On the subject of a supersedeas, it was declared that "such bill of exceptions shall operate as a supersedeas to the judgment, sentence, execution, or decree of the court below, in all cases where bond may be given or affidavit filed as hereinafter provided."  In *Doe* v. *Peeples,* 1 *Ga.* 1, it was said: "The bill of exceptions will operate as a supersedeas only where bond and security have been given, or affidavit filed, in conformity with the act organizing the Supreme Court."  See also *Allen* v. *Savannah,* 9 *Ga.* 286.  In the Code of 1868 (§ 4191) it was declared, that "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause."  As to judgments granting or refusing injunctions pendente lite, special provision is made by the statute, which says that no writ of error shall have the effect to

establish or deny any injunction independently of the order of the judge, who shall grant such order and require such bond as may be necessary to preserve and protect the rights of the parties until the judgment of the Supreme Court can be had. Civil Code, §4925; *Mathis* v. *Weaver*, 94 *Ga.* 730. In *Perkins* v. *Rowland,* 69 *Ga.* 661, it was said: "The failure to pay costs and give bond, or to file a proper affidavit in forma pauperis in lieu thereof, on excepting to the judgment of the court below, will not deprive this court of jurisdiction. Where such bond is given or affidavit filed, it operates as a supersedeas; in the absence thereof, the opposite party is at liberty to proceed to enforce his rights in the court below by execution or otherwise, subject to the chances of a reversal. If costs are not paid, execution may be issued therefor." In *Cummings* v. *Clegg,* 82 *Ga.* 763, it was said that "A supersedeas does not result from the pendency of a writ of error alone, but from the bond or affidavit provided for by §4263 of the Code." After discussing the question, there occurs in the opinion this remark, which is, however, only a passing expression and not a ruling: "It should be observed further, that did a writ of error without a supersedeas divest the court below of power to proceed judicially in the cause covered by such writ of error, it would not follow that a party might not, through the sheriff, proceed with ministerial acts to realize the money due upon a fi. fa. Surely to hinder such acts, done not by order of court but at the instance of a party, a supersedeas regularly obtained would be necessary." In *City Council of Augusta* v. *Lombard,* 86 *Ga.* 165, it was held, that, "Where the action is against one defendant only, a writ of error will lie to a judgment overruling a general demurrer to the declaration, although the case is still pending in the court below." In *Augusta Factory* v. *Davis,* 87 *Ga.* 648, it was held that where a judge had overruled a demurrer to a declaration, he might, in the exercise of his discretion, suspend or postpone a trial of the case on the issues of fact, so as to give the defendant an opportunity to bring the case to this court by writ of error, but he was not compelled to do so. In *Franklin* v. *Kriegshaber,* 114 *Ga.* 947, a judgment overruling a demurrer was brought to this court for review, and a bond with security was given for the eventual condemnation-money. After judgment of affirmance, the question arose as to what was the extent of the liability on such a bond, and it was

held not to extend further than the costs of prosecuting the writ of error. No question, however, was made as to the right to suspend proceedings by giving the bond. See also, on the general subject, *Berryman* v. *Haden,* 112 *Ga.* 752; *Harvey* v. *Bowles,* Id. 421.

It may be said that the word "supersedeas" does not strictly apply to a stay of proceedings, and therefore that a writ of error might operate as a stay without bond. But the term "supersedeas" is often used in a broader meaning than its original sense. See 20 Enc. Pl. & Pr. 1209; Dulin *v.* Pacific Wood &c. Co., 98 Cal. 304, 306. At first glance, what is said in the first headnote in *Jones* v. *Dougherty,* 11 *Ga.* 305, might seem to be a ruling on the point; but an examination of the entire case will show that the decision really rested on the fact that the bill of exceptions was premature.

In *Western & Atlantic Railroad* v. *State,* 69 *Ga.* 524, in which Judge Tompkins of the Eastern circuit presided instead of Chief Justice Jackson, who was disqualified, he used some very broad language indicating that where a judge signed a bill of exceptions to the overruling of a demurrer to a quo warranto proceeding, he had no authority over the cause until remitted from this court to the court below; but in fact a supersedeas bond was filed, under the section of the code touching the obtaining of a supersedeas, and what was said is to be construed in the light of the facts as they existed. The question directly involved was whether this court should issue a writ of prohibition to stay the lower court; and the court holding that the bill of exceptions was prematurely brought, the writ was denied. What was said in the discussion was in part obiter dictum. This opinion is criticised and the subject discussed in 82 *Ga.* 763, supra, and in *Ryan* v. *Kingsbery,* 88 *Ga.* 364 et seq. In the latter case the general expressions used in cases where it was ruled that a judge could not sign a second bill of exceptions are also explained (p. 367). On page 366 it was said: "When a supersedeas has not been obtained, although it might have been by taking the proper steps, the other party may go on with the case at his pleasure, taking the chances of an affirmance, and the risk of a reversal." The case then being considered was one where a receiver had been appointed and exceptions taken, affidavit being filed in forma pauperis. It was claimed that this operated as a stay, so that a proceeding in attachment for failure to deliver prop-

erty to the receiver could not proceed. The discussion of the question, however, took a broad range. The case of *Jordan* v. *Jordan,* 16 *Ga.* 446, 448, 450, 452, was one where a demurrer to a bill had been overruled and exceptions taken, with no attempt to obtain a supersedeas. The case proceeded, and, after a reversal by the Supreme Court, the trial judge set aside all that had been done after the bill of exceptions was taken. In affirming this, Benning, J., said: "Whether there shall be a supersedeas or not is optional with the party excepting. If he does not do what is necessary to make his bill of exceptions operate as a supersedeas, the other party may go on with the case or not, at his pleasure. If he chooses to go on, he must do so at his peril. Taking the chances of an affirmance, he must run the risk of a reversal; and as by an affirmance he would gain all the ground he passes over, so by a reversal he must lose it all." This was before the Code of 1863, but the additional expression in the code, already referred to, appears to have been merely a codification. In *Gustoso Cigar Co.* v. *Ray,* 117 *Ga.* 565, after referring to the ordinary case of a supersedeas under the Civil Code, §5552, and the mode of obtaining a supersedeas where exception is taken to the grant or refusal of an injunction, under section 4925, Lamar, J., adds: "A supersedeas is either a matter of statutory right, or vested in the discretion of the judge of the superior court under the Civil Code, §4321." Aside from cases where obtaining a supersedeas is a legal right upon compliance with certain conditions, and cases of injunction and receivership, the judge of the superior court has been held, under his broad general powers set out in the Civil Code, §4321, to have authority, as matter of discretion, to grant a supersedeas in cases where irreparable injury would otherwise result (*Marks* v. *Hertz,* 65 *Ga.* 119), and to require proper bond or prescribe proper terms as the nature of the case may require. *Southern Express Co.* v. *Lynch,* 65 *Ga.* 240; *Gustoso Cigar Co.* v. *Ray,* 117 *Ga.* 565. These, however, were somewhat exceptional cases, involving discharge from arrest under bail-trover process.

Most of the cases herein cited had reference to a supersedeas to a final judgment. Inasmuch as the act of 1845 provided for excepting to any decision, sentence, judgment, or decree, and declared that the bill of exceptions should operate as a supersedeas to the judgment, sentence, execution, or decree, upon giving the required bond

or filing the required affidavit, when it was expressly declared by the code that no case should be carried to the Supreme Court on any bill of exceptions so long as it was pending in the court below, "unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause," it follows that, as to judgments of the character last referred to, one of two things must be the case: either a stay in the nature of a supersedeas can be obtained after the bill of exceptions has been certified, in the same general manner as a supersedeas to a final judgment is obtained; or else provision has been made for direct exceptions in such cases, but none has been made as to how a supersedeas or stay can be obtained, except as a matter of discretion on the part of the superior court. Under neither one of these views was the present plaintiff in error entitled, as matter of absolute right, to have the trial stayed pending the exception to the overruling of her demurrer. It is not alleged that any supersedeas bond or affidavit was filed, and the presiding judge, in the use of his discretion, decided to proceed with the case.

2. The mortgage was foreclosed in the name of the original mortgagee, for the use of certain named persons to whom it was alleged the secured notes had been transferred. No effort was made to cut off any defense by suing in the name of the transferees as bona fide holders before due and without notice. Any defense which the mortgagor might have had against the original mortgagee was open to her, and it therefore furnished no legal reason against the granting of a rule absolute to merely deny that the notes had been transferred or were held by the persons named as usees of the plaintiff, and to allege that they were only securities in the hands of such persons.

3. A general allegation in an answer, that the mortgagee has paid about $50 or $60 for which no credit has been given her, and that she is unable to give the sum or date of each payment, without alleging to whom, or when, or where such payment was made, is demurrable. The answer to the rule nisi was properly stricken on demurrer and the rule absolute granted.

*Judgment affirmed. All the Justices concur.*