BANDY BROTHERS *v.* FRIERSON'S SONS (two cases).

1. Where a suit was commenced by attachment, and after levy the property seized was replevied by the defendants, but subsequently the attachment was dismissed on motion, and thereupon the defendants made a motion to dismiss the declaration in attachment, and also filed a demurrer thereto containing general grounds, upon the overruling of the motion to dismiss and of the demurrer the defendants could bring the case to the Supreme Court by bill of exceptions; and the writ of error was not subject to be dismissed on the ground that after the rulings thus complained of were made the case proceeded to trial, a verdict was rendered against the defendants, and they made a motion for a new trial, which was pending when the bill of exceptions was tendered.

2. The declaration in attachment was not subject to general demurrer.

3. The question of whether, after the issuance of an attachment and the replevying of the property seized under the writ, the declaration in attachment could include an effort to foreclose a materialman's and contractor's lien on realty, was rendered merely academic by the action of the court in directing the jury that, under the evidence, no such foreclosure could be had, and limiting their consideration to the question of whether or not the plaintiffs were entitled to recover a general judgment against the defendants. However ruled, this point would not require a reversal under the facts of the case.

4. None of the other grounds of the demurrer or motion to dismiss the declaration in attachment require a reversal.

5. In some instances exceptions were taken to the admission of evidence without showing that any objection was made when the evidence was offered, or what such objections were. Such grounds raise no question for determination by this court.

6. The presiding judge having charged that, if the contract was an entire one, it was necessary for the plaintiffs to show a substantial compliance therewith in order to recover by verdict, there was no error against the defendants in charging that if the work as delivered to them was not in substantial compliance with the contract, they could have declined to receive it, and have held the plaintiffs in damages for any loss which could have been traced naturally to the breach, and of which it was the proximate cause, and which was avowedly or naturally within the contemplation of the parties; or that they could have taken the work as delivered, supplied the defects, if any, and collected the cost thereof from the plaintiffs; or that they could have taken the work as delivered, and have deducted from the payment to the plaintiffs the cost of that portion which did not meet the conditions prescribed by the contract.

(*a*) Nor was there error as against the defendants in charging that if avowedly, or by their conduct, they received the work (including material), and kept it and used it, they could not be heard to contend that they could hold and enjoy the results and withhold payment; and that if they received and enjoyed the work, and on discovering defects called the attention of the plaintiffs to them, and such defects were remedied by the plaintiffs, and the work kept after such correction was made, the defendants could not then complain of the defects so remedied.

7. Where a contract for installing electrical appliances in a theater provided that a final test should be made by the contractors at least six days before the opening of the theater, in the presence of the architect, the owners, and the inspector "having jurisdiction," and that notice should be given in writing by the contractors to each of such parties, if time was of the essence of such contract, yet if the persons having the work done, knowing that no inspection had been made as required, received and used the work without protest or objection, they would be held to have waived the requirement as to the time of the test.

8. None of the other grounds of the motion for a new trial were such as to require a reversal.

August 15, 1912.

Attachment. Before Judge Charlton. Chatham superior court. March 22, 1911.

*Oliver & Oliver,* for plaintiffs in error.

*Anderson, Cann & Cann,* contra.

Lumpkin, J. Norton Frierson's Sons sued out an attachment against Bandy Brothers for $1,165.69 principal, besides interest, alleged to be due for the price of certain materials and for services

performed. At the first term the.plaintiffs filed a declaration in attachment, alleging in substance as follows: About May 1, 1910, the plaintiffs contracted with the defendants, as owners, to furnish the material and do the work of wiring and otherwise equipping with electrical appliances a theater located on a described lot in the city of Savannah, and thereby to improve the real estate and improvements erected thereon. The contract price was $1,540. The plaintiffs complied with the contract and completely performed their duties thereunder, and thereupon filed and had recorded a claim of lien, as contractors and materialmen, upon the land and improvements. In addition to the amount already named, the defendants are indebted to the plaintiffs for supplies and materials furnished for the improvement of the real estate described, to the amount of $215.69. The defendants are entitled to credits for the amount of $590, leaving a balance of $1,165.69 besides interest. (A bill of particulars was attached to the declaration.) On September 27, 1910, plaintiffs sued out an attachment to enforce the collection of the indebtedness, and it was levied on certain described personal property. The defendants replevied the property. The plaintiffs prayed that they might have a general judgment for the amount of the indebtedness, a special judgment as against the property levied on under the attachment, and a judgment foreclosing their lien and declaring a special lien upon the real estate described.

The defendants made a motion to dismiss the attachment, which was granted. They also moved to dismiss the declaration, and filed a demurrer thereto. The motion and demurrer were overruled, and the defendants excepted. After this the case proceeded to trial. Under the evidence and charge of the court, the jury found a general verdict for the amount claimed in the declaration, and without any foreclosure of lien. The defendants moved for a new trial, which was denied, and they excepted.

1. A motion was made to dismiss the writ of error in the first case, on the ground that the case was still pending in the trial court when the bill of exceptions was tendered and signed. Section 6138 of the Civil Code declares: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as

to some material party thereto." From this it will be seen that, in regard to ordinary bills of exceptions, the general rule is that the case can not be brought to the Supreme Court so long as it is pending in the trial court; but this is subject to the exception that it can be so brought if the decision or judgment complained of would have been a final disposition of the cause, or final as to some material party thereto, if it had been rendered as the plaintiff in error claims that it should have been. After the attachment had been dismissed, a motion to dismiss the declaration and a general demurrer thereto were filed. Had this motion or demurrer been sustained, the result would have been a final disposition of the cause; hence, overruling them furnished a basis for bringing the case to this court by bill of exceptions, and the writ of error was not subject to be dismissed on the ground that the case was still pending in the court below. Had the writ of error been predicated upon rulings made in regard to evidence, charges, or the verdict, and it had appeared that a motion for a new trial was still pending, the case would have been very different. If a general demurrer or motion to dismiss a case is overruled and the ruling is brought by bill of exceptions to this court, this does not per se operate as 'a supersedeas, but the case may proceed to trial in the court below, subject to the ruling which may be made in this court. *Montgomery* v. *King,* 125 *Ga.* 388 (54 S. E. 135). The motion to dismiss the writ of error is overruled.

2-4. The two cases were argued together. In the first bill of exceptions error was assigned upon the refusal to dismiss the declaration in attachment, and upon the overruling of the demurrer thereto. Certain property had been levied on under the attachment, and had been replevied. There was enough in the declaration to authorize the recovery of a general judgment, at least. Whether the effort to foreclose a materialman's and contractor's lien could be joined in the declaration became a purely academic question, under the rulings of the presiding judge during the trial. By his charge he eliminated from the consideration of the jury every question except whether the plaintiffs were entitled to recover a general judgment against the defendants. It is useless, therefore, to deal at length with questions which thus played no real part in the trial, and could have no effect upon the final result. Under the facts of the case, without discussing its merits,

the point stated will not require a reversal. Nor are the other grounds of the motion and demurrer such as to furnish cause for reversal.

5. The second bill of exceptions assigned error on the overruling of a motion for a new trial. Some of the grounds practically sought to raise the same points which have been considered in connection with the motion to dismiss and the general demurrer. What we have said in regard to them disposes of such grounds. In several instances exceptions were taken to the admission of evidence, without showing that any objection was made to it when offered, or what such objection was. These grounds raised no question for determination by this court.

6. The presiding judge charged as follows: "These courses were open to the defendants, if they considered the contract had not been complied with substantially: If the work as delivered to them was not in substantial compliance with the contract, they could have declined to have received it, and held the plaintiffs in damages for any loss which could have been traced naturally to the breach, and of which the breach was the proximate cause, and which was avowedly or naturally within the contemplation of the parties. Again, they could have taken the work as delivered and themselves supplied the defects, if any, and charged the cost and collected it from the plaintiffs; or they could have taken the work as delivered and deducted from the payment to the plaintiffs the cost of that portion which did not meet the conditions prescribed by the contract." And also: "If avowedly, or by their conduct, they received the work (and by this term I include material), and kept it and used it, then they can not be heard to contend that they can hold and enjoy the material and the work—the result— and withhold the pay. If they received and enjoyed the work, and on discovering defects called the attention of the plaintiffs to them, and they were remedied by the plaintiffs, and the work kept after being remedied, the defendants can not now complain of the defects so remedied." In the same connection he charged that it was necessary for the plaintiffs to show that they had substantially complied with their contract. We do not see how these charges constituted error harmful to the defendants. Having stated that substantial compliance on the part of the plaintiffs was necessary, the judge then stated certain courses which were open to the defendants if

they did not believe that the plaintiffs had so complied. It was urged that these charges removed from the jury all circumstances which may have compelled the defendants at that time to accept and use the plaintiffs' work and material without a waiver on their part of such defect. It appeared that it was necessary to hurry the work in order to get it done so that the theater might be opened; but the fact that time was pressing, and that for this reason the defendants might be willing to accept the work and use the electrical equipment installed by the plaintiffs instead of rejecting them, would not authorize such an acceptance and use, reserving the right to entirely refuse payment. If there were defects or deficiencies not waived by them, they might have a reduction on that account. But they could not get the benefit of the plaintiffs' work and material for nothing because they were hurried in an effort to open the theater for entertainments. See *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100).

7. The judge charged: "But I charge you that even if time was of the essence of this contract, as it was originally written and understood, if the defendants, knowing that no inspection had been made as required, received and used the work of the plaintiffs, without protest, they would be held to waive that requirement as to the time of the test being imperative." The contract provided that a final test should be made by the contractors at least six days before the opening of the theater, in the presence of the architect, the owners, and "inspector having jurisdiction," and that notice must be given in writing by the contractors to each of these parties. There was evidence which tended to show that such inspection was not made before the opening of the theater, but that the work was somewhat hurried in order to be completed in time for a theatrical performance, and that the defendants received the work without requiring any such inspection or making any protest on account of its omission. There was no error in the charge on this subject. 29 Am. & Eng. Enc. Law, 1104.

8. None of the other grounds of the motion for a new trial were such as to require a reversal. In one or two instances there may have been slight inaccuracies in the charge, but in view of the verdict they were evidently harmless. The presiding judge also eliminated from the consideration of the jury the effort to foreclose the lien and to obtain a special judgment against the prop-

erty attached, and confined them to the question of whether or not the plaintiffs were entitled to a general judgment, and, if so, for what amount. This ruling he based upon the evidence. As the question was brought to this court by two bills of exceptions, one complaining of rulings in regard to the declaration in attachment, and the other complaining of the overruling of the motion for a new trial, we have dealt with the entire subject; but it appeared in fact that finally nothing was left to the jury but to determine whether the plaintiffs were entitled to a common-law judgment. This issue was determined in favor of the plaintiffs; the evidence authorized the finding, and we see no reason to disturb it.

*Judgment affirmed in both cases. All the Justices concur.*