# KNIGHTS OF THE KU KLUX KLAN *et al. v.* TERRELL *et al.*

The dismissal of the cross-bill or cross-petition in this case is not such a final disposition of the case as to confer jurisdiction upon the Supreme Court to pass upon the issues presented by the bill of exceptions.

No. 3340. MARCH 19, 1923.

Equitable petition. Before Judge George L. Bell. Fulton superior court. June 30, 1922.

*Etheridge, Sams & Etheridge, Westmoreland & Smith,* and *B. H. Sullivan,* for plaintiffs in error.

*W. H. Terrell* and *H. B. Terrell,* contra.

RUSSELL, C. J. A decision had been reached and an opinion prepared in this case, when, upon consultation by the court as a whole, it was suggested that perhaps this court was without juris-diction to deal with the writ of error sub judice. Upon further examination and consideration it is clear that this is true, and that for want of jurisdiction on the part of this court the writ of error must be dismissed.

Terrell and others filed an equitable petition naming the Knights of the Ku Klux Klan, a corporation, E. Y. Clarke, and Mrs. Elizabeth Tyler as defendants. The petition prayed that the Knights of the Ku Klux Klan be enjoined from banishing or expelling the petitioners from this fraternal order, and for other relief set out in the petition; and prayed for certain named relief against the defendants Clarke and Tyler. In response to this petition the Klan and Clarke filed a cross-bill or cross-petition praying: (a) that the plaintiffs Terrell, Hooper, Atkin, Padon, and Upchurch be enjoined from entering any Klavern of the Order of the Knights of the Ku Klux Klan, and from sending out any literature libeling the supreme officers of the order, or defaming the good name and purposes of the order, and from committing any other act calculated to cause dissension within their ranks, and from attempting to exercise any rights as members of the Knights of the Ku Klux Klan, or holding themselves out as Klansmen. (b) That the plaintiffs Lowe, Reem, Starr, and Huffington be enjoined from aiding and abetting Terrell, Hooper, Atkin, and Padon in the acts above mentioned. (c) That Terrell, Hooper, Atkin, and Padon be required to account for all money received by each of them. To this cross-petition the plaintiffs (Terrell and his fellow-petitioners) filed both special and general demurrers. Upon the hearing of these demurrers the judge of the superior court sustained certain of the special demurrers, with leave to the defendants to amend within thirty days; and reserved his decision as to the general demurrers. The thirty days expired without the defendants amending the paragraphs which had been stricken, and the judge thereafter passed upon the general demurrer and dismissed the cross-petition. The judgment of dismissal was the ground upon which the pending bill of exceptions was based; the plaintiffs in error insisting that, even without the amendments required by the court, the allegations of the cross-petition were sufficient to withstand the general demurrer. This is the sole question raised in the bill of exceptions. But the Supreme Court has no more power to adjudicate a question of which it has lawfully no jurisdiction than has a lower court.

Since, as appears from a statement of the foregoing facts, the cause is still pending in the lower court, it becomes necessary to inquire whether there is anything in the record which will take it

out of the general rule and confer jurisdiction upon this court because the decision is so controlling as to rule the final result, or place this case in another class where complaint may be made of an order because if the decision had been rendered as claimed by the plaintiff in error there would have been a final disposition of the cause. Section 6138 of the Civil Code is as follows: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto; but, at any stage of the cause, either party may file his exception to any decision, sentence, or decree of the superior court; and if the same is certified and allowed, it shall be entered of record in the cause; and should the case at its final determination be carried by writ of error to the Supreme Court by either party, error may be assigned upon such bill of exceptions, and a reversal and new trial may be allowed thereon, when it is manifest that such erroneous decision of the court has or may have affected the final result of the case." It has long been held that a judgment striking the defendant's answer will not afford a basis for an original bill of exceptions. The cross-petition of the defendants in the present case is substituted for the usual answer and plea, and the effect of striking the cross-petition in this instance is the same as when an answer is stricken; the main case is still pending in the court below.

If the judgment of the court below had been rendered as claimed by the plaintiffs in error, would there have been a final disposition of the case? The court sustained the demurrer, and the petition still remains in court. If the court had overruled the demurrer, the defendant's answer as well as the petition would both be pending in court; so it is plain that this case does not fall in that class of cases where a contrary ruling would have effected a final disposition of the cause. It is true that the answer has been stricken, and it is true that exception to that ruling might have been preserved by exceptions pendente lite upon the terms of the code section just above quoted; but neither the ruling made nor a ruling contrary to that made in the lower court entitles the plaintiffs in error to a writ of review until the

conclusion of the whole case, when they might have assigned error upon the exception pendente lite either by direct bill of exceptions or by cross-bill of exceptions. The fact that the case is still pending in the lower court deprives this court of jurisdiction; and the writ of error must be

*Dismissed. All the Justices concur.*