ROACH v. GARRISON.

GILBERT, J. An order passed by the judge, as follows: "So far as the true ownership of this house and lot is concerned, the doctrine of lis pendens is sufficient notice of the rights of the plaintiff. The restraining order heretofore granted in this case is vacated," is not a judgment refusing to grant an interlocutory injunction, and affords no basis for a writ of error. *Forrester* v. *Denny*, 169 *Ga.* 435 (150 S. E. 555), and cit.; *Threlkeld* v. *Proctor*, 171 *Ga.* 370 (155 S. E. 522). The recital that "the doctrine of lis pendens is sufficient notice of the rights of the plaintiff" is a mere reason for vacating the restraining order.

*Writ of error dismissed. All the Justices concur.*

No. 9756. OCTOBER 11, 1933.

*G. W. Westmoreland,* for plaintiff.   *E. C. Stark,* for defendant.

TALLENT, administrator, v. LOWRY, sheriff *et al.*

HILL, J. Where suit was filed against the sheriff and the sureties on his bond, to recover damages alleged to have been caused by the sheriff on account of the death of a prisoner in his custody, and the defendant answered, denying the material allegations of the petition, and specifically averring that under an act of the General Assembly the county commissioners of Fulton County, and not the sheriff, were responsible for the feeding and medical attention of prisoners confined in the common jail of Fulton County (which act was attacked as unconstitutional); and where the plaintiff filed a demurrer to the paragraphs of the answer which averred the above-stated specific facts, which demurrer was overruled, that judgment was not a final disposition of the case; and a direct bill of exceptions thereto was prematurely brought to this court. *Johnson* v. *Merchants & Farmers Bank*, 141 *Ga.* 721 (81 S. E. 873), and cit.; *Jennings* v. *Jennings*, 169 *Ga.* 377 (150 S. E. 552).

*Writ of error dismissed. All the Justices concur.*

No. 9779. OCTOBER 11, 1933.

*Ben C. Williford,* for plaintiff.
*Arnold, Arnold & Gambrell,* for defendant.