DARDEN, administrator, *v.* ROBERTS *et al.*

No. 14000. MARCH 14, 1942.

*J. A. Mitchell,* for plaintiff.
*Ficklen & Pilcher* and *J. Cecil Davis,* for defendants.

JENKINS, Justice. 1. "No cause shall be carried to the Supreme Court . . upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." Code, § 6-701. An order striking or refusing to strike an *answer or plea* on demurrer is not a final judgment from which a writ of error will lie to this court. *Ryals* v. *Atlantic Life Insurance Co.,* 181 *Ga.* 843 (184 S. E. 698), and cit.; *Bozeman* v. *Ward-Truitt Co.,* 141 *Ga.* 45 (80 S. E. 320); *Vanzant* v. *First National Bank,* 164 *Ga.* 772 (2, *a*) (139 S. E. 537); *Harris* v. *Stowers,* 192 *Ga.* 215 (15 S. E. 2d, 193). The rule is different as to a writ of error taken to an order striking or

refusing to strike a *petition*. *Lowe* v. *Burke,* 79 *Ga.* 164 (3), 166 (3 S. E. 449); *Central Railroad & Banking Co.* v. *Denson,* 83 *Ga.* 266 (2) (9 S. E. 788); *City Council of Augusta* v. *Lombard,* 86 *Ga.* 165 (12 S. E. 212). The rule which precludes a writ of error from an order striking or refusing to strike an answer or plea is not changed by the fact that the answer may be in the nature of a cross-action or contain a counter-claim, since "there is no provision of law by virtue of which the overruling [or sustaining] of a demurrer to [such a pleading] filed by the defendant may be reviewed by direct bill of exceptions prior to the final disposition of the plaintiff's case in the court below." *Bellinger* v. *Eblin,* 158 *Ga.* 657 (124 S. E. 137); *Cook County* v. *Thornhill Wagon Co.,* 186 *Ga.* 835, 836 (199 S. E. 117); *White* v. *Chisolm,* 160 *Ga.* 177 (127 S. E. 140); *Knights of the Ku Klux Klan* v. *Terrell,* 155 *Ga.* 374 (116 S. E. 793); *Byrd* v. *Equitable Life Assurance Society,* 184 *Ga.* 178 (190 S. E. 584).

2. In this case, however, the exceptions are not limited to the orders on demurrers to the answer and the response thereto, but there are also exceptions to "final decrees" in favor of the defendant as "contrary to law" because the decrees necessarily "resulted from the foregoing erroneous rulings" on the demurrers. Assuming that such exceptions are adequate in form (*Cheatham* v. *Palmer,* 191 *Ga.* 617 (1, *b*), 13 S. E. 2d, 674, and cit.), they nevertheless can not be entertained, since such rulings on the answer and response could not be reviewed before a final disposition of the case; and since the so-called "final decrees" can not be treated as final so long as a motion for new trial is pending, and it appears from a recital in the bill of exceptions itself that at the time it was sued out the plaintiff in error had filed his "motion for new trial," and named the [defendant in error and another party] as movees, which motion is *now pending."* The ruling is not in conflict with that in *Newton* v. *Roberts,* 163 *Ga.* 135 (*a, b*) (135 S. E. 505), *Montgomery* v. *King,* 125 *Ga.* 388 (54 S. E. 135), and *Bandy* v. *Frierson's Sons,* 138 *Ga.* 515, 518 (75 S. E. 626), where, as already indicated, the defendants could come to this court upon rulings on general demurrers to the *petition* as a final determination and without awaiting the disposition of other proceedings. In those cases, since the ruling on the petition was in itself final, or would have been final if it had been rendered as claimed by the plaintiff in

error, recourse was unnecessary to an exception being taken to any final judgment or decree or motion for a new trial. Here, not only was the exception taken to the order refusing to dismiss the plea ineffective as not being taken to a final judgment, but the attempt to support such exception by assigning error on what is termed the "final decree" is also ineffective, since neither is the decree itself in fact final where it appears, as it does here, that a motion for new trial was pending and undisposed of when the bill of exceptions was presented. Accordingly, since the validity of the exceptions in this case is necessarily dependent upon an assignment of error on what could be taken as in fact a final decree, the general rule controls that when a party "against whom a verdict has been rendered makes a motion for a new trial, he can not properly, while the case is still pending and undisposed of, bring to this court for review any ruling, order, or decision made by the judge during the progress of the case, or the judgment entered upon the verdict." *Duke* v. *Story,* 113 *Ga.* 112 (38 S. E. 337); *Kelly & Jones Co.* v. *Moore,* 125 *Ga.* 382 (54 S. E. 118). This rule has been made applicable to final decrees in equity. *Duncan* v. *Duncan,* 145 *Ga.* 424 (89 S. E. 486); *Williams* v. *Jones,* 69 *Ga.* 277 (3); *Herz* v. *Claflin Co.,* 101 *Ga.* 615 (5, 6), 618 (29 S. E. 33).

(*a*) A direct bill of exceptions on the refusal to strike the answer not being permissible, no question arises as to whether, if such exceptions had been permissible, the plaintiff in error would have had such a right after the filing of a motion for new trial. See, in this connection, *Newton* v. *Roberts, Montgomery* v. *King, Bandy* v. *Frierson,* supra; *Gilbert* v. *Tippens,* 183 *Ga.* 497 (188 S. E. 699); *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841); *Durrence* v. *Waters,* 143 *Ga.* 223 (84 S. E. 471); *Augusta Factory* v. *Davis,* 87 *Ga.* 648 (13 S. E. 577).

3. Under the preceding rulings, since it appears that the motion for new trial made in this case remains undisposed of, the plaintiff in error was precluded from coming to this court upon a bill of exceptions based on the final decrees, with the result that this bill of exceptions must necessarily be dismissed as premature. "In the circumstances, leave is granted to the plaintiff in error to treat the official copy of the bill of exceptions now of file in the trial court as exceptions pendente lite. *Cook County* v. *Thornhill Wagon Co.,* supra, and cit.; *Dooly* v. *Gates,* 192 *Ga.* 483 (15 S. E. 2d, 729).

*Writ of error dismissed, with direction. All the Justices concur.*