## RIVERS *v.* HOLLINGSWORTH.

No. 14661. OCTOBER 8, 1943.

*Edwin S. Kemp,* for plaintiff.
*W. B. Hollingsworth,* for defendant.

ATKINSON, Justice. Mrs. R. L. Rivers filed a petition against W. B. Hollingsworth, alleging that she is the owner of described land in Fayette County, bounded on the east by the Southern Railway ; that defendant has trespassed by cutting and removing timber therefrom ; that he has no title, but claims part of the land under quitclaim deeds from the Southern Railway Company ; that his acts constitute a continuing trespass, resulting in irreparable injury. The prayers are, for injunction to prevent the cutting of timber, damages, and cancellation of the quitclaim deeds held by defendant. In an amendment the plaintiff alleged that two quitclaim deeds from the Southern Railway Company to the defendant, dated December 21, 1939, were recorded on April 7, 1943, after the filing of the suit, under which he claims title to a strip of land 100 feet wide, belonging to petitioner ; that the railroad company never had any title to the land, but only an easement to pass over it.

The defendant in his answer claims no interest in the land de-

scribed in the petitioner's complaint, but sets forth that he is the owner and has recorded deeds to lands adjoining that of petitioner; that he is not a trespasser, nor has he cut any timber from any portion of petitioner's lands; that the record shows that petitioner's land is bounded on the east by the Southern Railway right of way, and that no portion of said right of way has ever been conveyed to petitioner. In an amendment the defendant admits that his deeds were recorded on April 7, 1943, but denies that any portion of the lands so conveyed belongs to petitioner, or that she has any right or title in the land set out in his answer.

The plaintiff demurred to the answer, on the grounds: (1) that no defense to the action is set out; (2) that the defendant shows no title to the lands involved, except under quitclaim deeds that courts have construed to be of no effect; (3) that the portion of defendant's answer alleging that the plaintiff's property is bounded on the east by the right of way of the Southern Railway should be stricken, because the plat submitted by the defendant does not designate such a boundary line. The exception is to an order overruling plaintiff's demurrer.

A motion was made in the Supreme Court to dismiss the writ of error, on the ground that the bill of exceptions was premature. No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto. Code, § 6-701. Applying this section, the writ of error must be dismissed if the bill of exceptions does not complain of any judgment finally disposing of the case in the trial court, or of a judgment which, if rendered as the plaintiff contends it should have been, would have been a final disposition of the cause, or final as to some material party thereto.

The plaintiff, seeking to enjoin the cutting of timber, recovery of a money judgment, and cancellation of quitclaim deeds, demurred to the defendant's answer, on the ground that it set up no valid defense. The court overruled the demurrer, and dissolved a temporary restraining order. The plaintiff insists that this order was a final judgment, because the answer shows that defendant claims title under a deed similar to a deed that this court, in *Byrd* v. *Goodman*, 195 *Ga.* 621 (25 S. E. 2d, 34), construed as of no effect.

The only ruling complained of in the bill of exceptions being the overruling of the demurrer to the answer, and no final judgment appearing to have been rendered in the case, this court has no jurisdiction to entertain the writ of error. *Battle* v. *Hambrick,* 142 *Ga.* 807 (83 S. E. 937); *Vanzant* v. *First National Bank of Polk County,* 164 *Ga.* 772 (2 *a*) (139 S. E. 537); *Tallent* v. *Lowry,* 177 *Ga.* 752 (171 S. E. 299); *Ryals* v. *Atlantic Life Insurance Co.,* 181 *Ga.* 843 (184 S. E. 698); *Darden* v. *Roberts,* 193 *Ga.* 637 (19 S. E. 2d, 270).

The facts in the instant case differ from those in *Edwards* v. *United Food Brokers,* 196 *Ga.* 241 (26 S. E. 2d, 348), where this court said: "The husband's motion for new trial suspended the portion of the judgment based upon the verdict against him and the question of the wife's liability on the bond, but not that portion providing for payment of fees to the receiver and his attorney. Accordingly, the wife's writ of error excepting to the decree is premature as to the former, but not as to the latter."

*Writ of error dismissed. All the Justices concur.*