BEAVERS, guardian, *v.* WILLIAMS.

No. 14677. NOVEMBER 10, 1943. REHEARING DENIED DECEMBER 2, 1943.

Habeas corpus. Before Judge Mitchell. Whitfield superior court. July 31, 1943.

*C. C. Pittman* and *W. B. Robinson,* for plaintiff.

*R. Carter Pittman* and *Stafford R. Brooke,* for defendant.

ATKINSON, Justice. This is the second appearance of this case in the Supreme Court. Mrs. Hattie Beavers as guardian of Donald Pierce Wilbanks, an orphan four years of age, brought habeas-corpus proceedings against Mrs. Victoria Williams, seeking custody of the child. The petitioner was a niece of the child's father, and the respondent was the maternal grandmother.

After hearing evidence the judge awarded custody to the respondent, and the guardian excepted. This court said: "A guardian of the person and property of a minor orphan is entitled to the custody of the ward. On a habeas-corpus proceeding brought by such a guardian to obtain the custody of his ward, the court is not authorized to give custody of the ward to another person, where no change of circumstances affecting the welfare of the child has taken place since the court of ordinary appointed such guardian." *Beavers* v. *Williams,* 194 *Ga.* 875 (23 S. E. 2d, 171).

After return of the remittitur and before the judgment of the Supreme Court was made the judgment of the trial court, the respondent amended her answer, averring that the order appointing petitioner as guardian was void because of fraud perpetrated on the court. The sole exception is to an order overruling the guardian's demurrer to the respondent's answer as amended.

No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto. Code, § 6-701. The plaintiff, who was seeking custody of a minor child, demurred to the respondent's answer as amended, on the grounds: the original answer failed to constitutea defense, and there is nothing to amend by; is not a proper proceeding to set aside the judgment; is a collateral attack upon the judgment in the court of ordinary; could only be urged in the original proceeding for appointment of the guardian; is an attempt to set at naught the judgment of the court of ordinary; comes too late; matters complained of are res adjudicata; fails to show any legal

detention of the child; respondent is estopped to file objections to appointment of guardian; ample remedy in court of ordinary to attack judgment; undertakes to set up new cause; allegations of fraud are conclusions of the pleader; shows no right of possession of the child. The court overruled the demurrer.

The only ruling complained of in the bill of exceptions being the overruling of the demurrer to the answer as amended, and no final judgment appearing to have been rendered in the case, this court has no jurisdiction to entertain the writ of error. *Battle* v. *Hambrick,* 142 *Ga.* 807 (83 S. E. 937); *Vanzant* v. *First National Bank of Polk County,* 164 *Ga.* 772 (2 *a*) (139 S. E. 537); *Tallent* v. *Lowry,* 177 *Ga.* 752 (171 S. E. 299); *Ryals* v. *Atlantic Life Insurance Co.,* 181 *Ga.* 843 (184 S. E. 698); *Darden* v. *Roberts,* 193 *Ga.* 637 (19 S. E. 2d, 270); *Rivers* v. *Hollingsworth,* 196 *Ga.* 708 (27 S. E. 2d, 330).

*Writ of error dismissed. All the Justices concur.*