WOOD *v.* W. P. BROWN & SONS LUMBER COMPANY.

No. 15108.   MARCH 7, 1945.

*James Maddox,* for plaintiff.

*Henry J. Fullbright Jr.,* and *Graham Wright,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) It is the duty of this court upon its own motion to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction; and the present case is one calling for such inquiry. *McDowell* v. *McDowell,* 194 *Ga.* 88, 91 (20 S. E. 2d, 602), and cit.

The Code, §§ 85-1501 et seq. provides for proceedings to partition lands. While the defendant in its answer prayed "that commissioners be appointed to partition the timber on said property by selling the standing timber," etc., the order of the trial judge merely appointed five freeholders to partition the property, as authorized by the Code, § 85-1507, and directed the clerk to issue a writ of partition. The Code provides that the five freeholders shall execute such writ, and how objections may be made to their return of the writ to the court. The judgment excepted to did not order a sale of the timber, as provided in § 85-1511.

In *Berryman* v. *Haden,* 112 *Ga.* 752, 758 (38 S. E. 53), this court said: "It requires no argument to demonstrate that there

is no final judgment in a suit for partition until the partition prayed for has either been granted or refused. All matters which are merely preliminary and preparatory to the final hearing are simply interlocutory. An order of the court adjudicating what are the respective interests of the parties in and to the realty involved, and appointing partitioners to divide the same in accordance therewith and make return to the court, is merely interlocutory. It was necessary for these preliminary matters to be settled before any division of the land could be made by the partitioners; and until this division has been made and the partitioners have filed their report in court, and the judgment of the court upon the merits of the case has been rendered, the case is, of course, still pending in the trial court, awaiting its final determination." The above ruling was followed in *Lanier* v. *Gay*, 195 *Ga.* 859, 860 (25 S. E. 2d, 642), where it was said: "In a case, such as the present one, where partition is sought by bringing the lands involved to sale, the objecting party may bring the case to this court by proper bill of exceptions after the judge has appointed commissioners and ordered them to sell the land." It follows that the order appointing partitioners was not a final judgment within the meaning of the Code, § 6-701.

This court, in *Berryman* v. *Haden,* supra, while holding that other assignments of error were premature, considered questions raised by demurrer, because in that case, if the demurrer had been sustained, it would have been, as to the plaintiff in error, a final disposition of the case. However, in the case under consideration, if the entire answer, including the prayer for the appointment of partitioners, had been stricken, the effect of such ruling would still be to leave the suit for injunction pending in the lower court.

The only rulings complained of in the bill of exceptions being the judgment appointing partitioners, and the overruling of the objections and the demurrer to the answer as amended, and no final judgment appearing to have been rendered in the case, this court has no jurisdiction to entertain the writ of error. *Battle* v. *Hambrick,* 142 *Ga.* 807 (83 S. E. 937) ; *Vanzant* v. *First National Bank of Polk County,* 164 *Ga.* 772 (2 a) (139 S. E. 537) ; *Tallent* v. *Lowry,* 177 *Ga.* 752 (171 S. E. 299) ; *Ryals* v. *Atlantic Life Insurance Co.,* 181 *Ga.* 843 (184 S. E. 698) ; *Darden* v. *Roberts,* 193

*Ga.* 637 (19 S. E. 2d, 270) ; *Rivers* v. *Hollingsworth,* 196 *Ga.* 708 (27 S. E. 2d, 330) ; *Beavers* v. *Williams,* 197 *Ga.* 9 (28 S. E. 2d, 254). *Writ of error dismissed. All the Justices concur.*