## 19329. DUKE *et al.* v. WILDER.

HEAD, Justice. In this case the trial judge entered an order on June 21, 1955, dissolving a temporary restraining order and refusing an interlocutory injunction. This judgment was reversed by this court (*Duke* v. *Wilder*, 212 *Ga.* 26, 90 S. E. 2d 12), on October 11, 1955. On November 21, 1955, the trial judge entered an order on the remittitur making the judgment of the Supreme Court the judgment of the trial court, and reciting that "a temporary and interlocutory injunction is hereby issued in favor of the plaintiff." On November 25, 1955, the defendant filed a cross-action for equitable relief, and to this cross-action, as amended, the plaintiffs filed a plea of res judicata, motion to dismiss, and general demurrers. The plea, the motion to dismiss, and the general demurrers were overruled on March 20, 1956, and the plaintiffs except to this judgment. *Held:*

1. A motion to dismiss is in the nature of a general demurrer. "The overruling of a demurrer to the defendant's cross-action is not reviewable by direct writ of error before final disposition of the case in the trial court." *Byrd* v. *Equitable Life Assurance Society*, 184 *Ga.* 178 (190 S. E. 584); *Knights of the Ku Klux Klan* v. *Terrell*, 155 *Ga.* 374 (116 S. E. 793); *White* v. *Chisolm*, 160 *Ga.* 177 (127 S. E. 140); *Darden* v. *Roberts*, 193 *Ga.* 637 (19 S. E. 2d 270).

2. "A direct bill of exceptions will not lie to a judgment sustaining or striking a plea of res judicata, for the reason that such judgment is not final or otherwise within the meaning of Code (Ann. Supp.) § 6-701 (Ga. L. 1890-91, p. 82; 1946, pp. 726, 730)." *Stout* v. *Pate*, 209 *Ga.* 536 (74 S. E. 2d 458).

3. The order of the trial judge on the remittitur from this court shows that an interlocutory injunction was granted, and therefore the cause was still pending in the trial court at the time the defendant in error filed his cross-action for equitable relief. There being no final judgment in the main case, the present writ of error is premature and must be

*Dismissed. All the Justices concur.*

ARGUED MAY 14, 1956—DECIDED JUNE 12, 1956.

*J. Neely Peacock, Jr., Robt. M. Drake,* for plaintiff in error.
*Burt & Burt,* contra.