D. P. HILL, administrator of JOSEPH A. DAVIS, plaintiff in error, *vs.* NELSON TIFT, administrator of T. M. Nelson, defendant in error.

While the cause is pending in the Court below, no decision made therein can be brought to this Court, unless it be one which, if made as claimed by the plaintiff in error it should be made, would have been a final disposition of the cause.

Equity. Notice to produce books, etc. Decided by Judge VASON. Dougherty Superior Court. June term, 1867.

Nelson and Davis were partners in the practice of medicine. Nelson died, and his administrator filed a bill for account and settlement of the partnership affairs, etc., against Davis, and prayed for the appointment of a receiver. At the first hearing of the motion for a receiver, after Davis' answer was read, complainant asked for time to produce affidavits to contradict the answer. Time was given. Afterwards, Davis was served with a notice to produce the partnership books. He put into the hands of complainant's solicitor, all the books which Davis would admit were books of the firm. Davis was then notified to produce, in Court, on the trial of said cause, and, upon the hearing of said motion to appoint a receiver, all the books of account used in his business for the years 1860-1-2-3 and 4 to July, 1864, whether claimed to

Hill, adm'r, *vs.* Tift, adm'r.

be private or individual books, or otherwise. Davis failed or refused to produce his private books or papers. Nelson and Davis were partners. Nelson was, for a long time, absent in the army, and his administrator claimed that he should receive half of the income of the firm, as well while he was away, as while he was at home. This, Davis denied, he averring that the partnership was dissolved in April, 1861, when Nelson went into the army.

Thereupon, in term time, complainant's solicitor moved the Court to compel Davis to produce the books called for by said last notice, and have them deposited with the clerk of said Court, to be used as evidence on the trial of said motion, etc. The Court granted the motion, and this is assigned as error. (While the case was pending here, Davis died; the case was continued till this term, when his administrator was made a party.)

S. D. IRWIN, by LYON, for plaintiff in error.

HINES and HOBBS, by STROZIER, for defendant in error.

WALKER, J.

By section 4191 of the Revized Code, it is provided that "no cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the case is pending in the Court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case." A party may except to any decision, at any stage of the cause, and have the exception certified and entered of record in the cause; and, on the final disposition of the cause, have a decision of the Supreme Court upon the points so certified; provided the final result may have been affected by the decision complained of; Ibid. and section 4194. In this case, the decision complained of is the order of the Court, requiring the production of certain books. If the decision had been rendered as claimed by the plaintiff in error, it would not have been a final disposition of the cause. All the Court

did, was to require certain books to be produced for the purposes of the investigation at issue between the parties. The merits of the case were not at all involved, and the decision was not, and, from the nature of the case, could not have been a final disposition of the cause. Such being the facts, the case is prematurely brought to this Court, and we must decline to take jurisdiction of it now.

Writ of error dismissed.