## JONES v. MARTENS–TURNER COMPANY.

.A writ of error does not lie, under the general rule as embodied in séction
    5526 of the Civil Code, unless the decision or judgment.complained of
    would have been a final disposition of the case, or final as to some mate-
    rial party thereto.    The provision for fast bills of exceptions, as prescribed
    .in section 5540 of the Civil Code, is confined to the cases therein mentioned.
    ·There is no authority of law for suing out a writ of error to the refusal of ·
    ·a judge of the superior court to order·a sale of property which had been
    ;levied on under an attachment, and application made under section 5463
    ·of the Civil Code to have the same sold, because, as alleged, the property
    ;levied on was of a perishable nature,or liable to deteriorate from keeping,
    or there was expense .attending the keeping of the same.;

Argued November 14,—Decided December 20, 1898.

.Practice .in Supreme Court.

·W. P. ·Wallis, for plaintiff.    *Allen Fort,* for defendant.

LITTLE, J.    An attachment was sued out and levied on cer-
lain lumber as the property of the defendant in attachment.
·Subsequently the plaintiff in attachment presented to the judge
·of the superior court a petition in which it was alleged that
.the lumber levied upon was in the possession of the levying
·officer, unreplevied, that there was expense in keeping the same,
;and that it was liable to deteriorate in value; and he prayed
:for an order directing the sheriff to sell the same.    On the
:hearing the ·order to sell was objected to.    The judge refused
:the application to sell, and the plaintiff excepted.    There were
:other issues raised in the case; but. because of the fact that no
.writ of error lies. to this court to review the judgment of the
superior court refusing to grant an order for the sale of per-
ishable property, we do not consider the case on its merits.
By section 5526 of the Civil Code, which is the general rule

established, it is declared that no cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would been a final disposition of the cause, or final as to some material party thereto. It can not, of course, be claimed that if the judge of the superior court had ordered a sale of the property as prayed, such order would have been a final disposition of the cause. The cause would still have been undetermined and pending, and the order of sale would have been merely an incident in the proceedings. Nor would a fast bill of exceptions lie, under the provisions of section 5540 of the Civil Code. That section provides that writs of error may be sued out to the grant of, or refusal to grant, an injunction, or the appointment of a receiver; for applications for discharge in bail-trover; in contempt cases; granting or refusing application for alimony, mandamus, or other extraordinary remedy; to an order granting or refusing an application for attachment against fraudulent debtors; and in criminal cases. This section of the code restricts bills of exceptions to the cases named, and the refusal by the judge of an order to sell perishable property pending the litigation does not come within its provision. *Writ of error dismissed.    All the Justices concurring.*