### FENN *v.* GEORGIA RAILWAY AND ELECTRIC CO.

1. This court will not consider points made in the bill of exceptions which do not appear to have been passed upon by the trial court.
2. It is not contempt of court for a witness being examined before a commissioner, under the provisions of the Civil Code, § 5315, and the acts amendatory thereof, to refuse to answer illegal or impertinent questions which would not be admissible on the trial in court.
3. Error will not be presumed. Consequently where a witness, in response to a rule nisi requiring her to show cause why she should not be punished as for contempt for refusing to answer questions propounded to her when being examined before a commissioner, files an answer in which she expresses a willingness to answer any legal question, but sets up that the questions which she refused to answer were illegal and impertinent, and on the trial of the issue raised by the answer an order is passed requiring her, under pain of punishment for contempt, to answer the questions propounded to her, and she thereupon sues out a writ of error to this court ; and where it is impossible for this court to determine, either from the bill of exceptions or the transcript of the record, whether the questions which the witness refused to answer were admissible or not, it will be presumed that the trial court correctly decided the issue presented to it, and the judgment will be affirmed.

Argued February 1, — Decided March 4, 1905.

Rule for contempt. Before Judge Reid. City court of Atlanta. March 15, 1904.

*Bishop & Ripley,* for plaintiff. *Rosser & Brandon, W. T. Colquitt,* and *B. J. Conyers,* for defendant.

CANDLER, J.   Mrs. Fenn filed suit in the city court of Atlanta, against the Georgia Railway and Electric Company, for damages on account of personal injuries. While the suit was pending, counsel for the defendant company served notice upon counsel for the plaintiff that on a named day, at the residence of Mrs. Fenn, they would proceed to take the depositions of Mrs. Fenn before D. O. Smith, commissioner of Fulton superior court, on behalf of the defendant. Counsel for both parties were present when the depositions were taken, and numerous questions were asked the

witness. She answered many of these, but, on the advice of her attorney, refused to answer others. In due time the commissioner filed his report; whereupon the judge of the city court of Atlanta passed an order requiring Mrs. Fenn to show cause before him why she should not be required to answer all the questions propounded to her, and why she should not be punished as for contempt. Mrs. Fenn filed an answer, in which she averred that at the time the depositions were taken she was in bad health, and was compelled to get out of bed and dress for the purpose of complying with the order of the court. She also made other averments as to her physical condition since the taking of the depositions, which are not material to the present discussion. Her answer proceeded as follows: "Respondent says that some of the questions asked by the attorneys representing the railroad company, which she declined to answer, were, as she was advised, impertinent, improper, and illegal, and they were only trying to make her disclose her case before the commissioner that they . . might see and interview her witnesses. In fact they had been to her house and tried to get this information from her after the injury and before she filed her suit. Respondent further says that she is perfectly willing to answer any legal questions; that some of the questions asked her are irrelevant and would not be permitted in the court-house; that when the commissioner sustained an objection to a question he insisted on her answering the question, and he then recorded her answer. . . She respectfully asks the court to designate any questions she ought to answer, and permit a reasonable time to answer same, and not force her into an examination until she is able to undergo it." At the hearing, after argument the court passed an order requiring the witness to answer the questions propounded to her by a named date, and in default adjudging her to be in contempt. She brought the case to this court by writ of error, and in her bill of exceptions made the following assignments of error: (1) The answer made an issue of fact which should have been submitted to a jury; (2) the act approved December 20, 1898, amending the Civil Code, § 5315, is unconstitutional as containing two subject-matters; (3) the city court of Atlanta is a statutory court, having no commissioner of its own, and commissioners of other courts can not compel witnesses to testify before them, and it is not contempt to re-

fuse to answer questions propounded by commissioners of other courts; (4) some of the evidence sought was illegal, and was so held by the commissioner at the time, but the witness was compelled to disclose the illegal evidence; (5) the examination was simply an effort to make her disclose her case long before the trial and more fully than is required by law; (6) the statute under which the proceedings were had does not apply to the city court of Atlanta, it being a special court with a limited jurisdiction.

It will be seen that the bill of exceptions raises many questions which do not appear to have been passed upon by the trial judge. Such questions, of course, can not be considered by this court. The rule nisi, the answer of Mrs. Fenn, and the report of the commissioner, together, present the issue which we are to determine, and this court is not authorized to go outside of that issue and decide constitutional questions which, so far as the record discloses, were raised for the first time at the hearing before us. We do not hesitate to hold that a witness should not be punished for contempt for refusing to answer, in an examination before a commissioner, questions which are illegal or impertinent. It could not have been the legislative intent to give to a party an unfair advantage by permitting him to ask questions out of court which he would not be allowed to ask on the trial. Practically the only question raised by the answer was whether the questions which Mrs. Fenn refused to answer were in fact illegal and impertinent. We do not consider her averments as to her illness on the day the examination was had, because it appears that notwithstanding her physical condition she undertook to answer some of the questions propounded to her and to refuse to answer others. By expressing in her answer her entire willingness to answer any legal questions, and invoking a ruling from the trial judge as to what questions were legal, she in effect waived every contention except as to the legality of the questions which she refused to answer. We are therefore called upon to decide the single question, were the questions propounded to her on the examination legal and pertinent, and such as would have been admissible if the case were on trial in court? We frankly confess our inability to answer this question with certainty or definiteness. Counsel for Mrs. Fenn, in the argument before this court, did not discuss any of this evidence, but confined his argu-

ment to the constitutionality and policy of the law under which examinations of this kind are held. The pleadings in the damage suit are not before us, and we are therefore unable to determine whether the questions propounded to the witness were germane to the case or not. They related principally to the previous physical condition of the witness, what doctors had attended her, where she had lived, and other matters concerning her private life prior to the injuries for which she sued. These questions may or may not have been admissible. With nothing more before us than appears in the record, we can not say that they were or were not. In any event, it is a fundamental principle that it is incumbent upon a party alleging error to show it; and as the plaintiff in error has failed to carry this burden, error will not be presumed. *Judgment affirmed. All the Justices concur.*