### ROZINSKY *et al. v.* SEAWRIGHT.

The writ of error is dismissed because prematurely brought to this court.

AUGUST 18, 1914.

Rule for contempt. Before Judge Ellis. Fulton superior court. July 13, 1913.

*R. A. Friedson* and *Hines & Jordan,* for plaintiff in error.

*W. H. Terrell,* contra.

HILL, J. J. R. Seawright filed in the superior court of Fulton county an equitable petition against D. Rozinsky and Jennie Rozinsky, seeking injunction, receiver, etc. The bill prayed discovery, and attached thereto were certain interrogatories directed to the defendants. The defendants demurred to the petition, and also filed an answer making response to the paragraphed allegations, but failed to make answer to the questions contained in the interrogatories. The plaintiff filed an amendment to the petition, making additional allegations, and asking that the defendants be required to show cause why they should not answer the interrogatories attached to the original petition. On the amended petition the court entered a rule nisi requiring the defendants to show cause why they should not answer the interrogatories. Thereafter the plaintiffs presented to the court a petition setting forth that, desiring to take their depositions, he had the defendants summoned to appear before a court commissioner. Attention was called to the report of the commissioner on file in the court (but which does not appear in the record before us), and it was asked that the court take proper steps in the premises. Upon this petition the court entered a rule nisi requiring the defendants to show cause why they should not be punished for contempt in refusing to testify before the commissioner. Upon the hearing of this rule nisi the court passed the following order: "The rule against the defendants in the above-stated case, requiring them to show cause why they should not be required by order of this court to answer questions on examination before a commissioner, notice of such ex-

amination having been given, appearance before the commissioner
by the witnesses having been made, and refusal on their part to
answer the questions submitted: Now therefore, the court not un-
dertaking to decide as to whether or not the answers sought from
the witnesses, if given, would be competent, relevant, or admissible,
in view of the fact that the defendants have filed an answer in the
cause, and have not answered the interrogatories attached to the
bill, but have refused, in the examination, to testify, it is therefore
ordered that the commissioner proceed to take the testimony of the
defendants in the case, and it is ordered that the defendants answer
the questions submitted to them, and that on failure to submit to
the examination and answer the questions, and refusal so to do,
as herein reported, said witnesses shall be held as for contempt,
and that, upon report of their refusal to testify, the court will pass
a further and proper order in the cause. It is ordered that a super-
sedeas of ten days be allowed the defendant witnesses to file a bill
of exceptions, as they now state they desire to do; and if no bill of
exceptions is tendered within ten days, then the examination as
above ordered shall proceed. The report of the commissioner ap-
pointed to take the testimony, and said report setting forth the
proceedings had, is referred to as having been under consideration
in connection with the granting of this order. This the 19th day
of July, 1913. W. D. Ellis, Judge S. C. A. C."

The order above quoted was not final in its nature. It merely
directed the commissioner to proceed to take the testimony of the
defendants, and upon their refusal to submit to examination, and
upon report of their refusal to do so, the court would pass a further
and proper order. Granting that the suing out of a bill of excep-
tions was equivalent to a refusal to appear before the commissioner
and submit to an examination, there is no final adjudication that
the defendants are in contempt, and no order of punishment there-
for. The statement in the order that upon their refusal to testify
they shall be held as in contempt does not amount to a final order
making the rule for contempt absolute, particularly when the court
expressly reserves the right to pass a further and proper order, and
directs a report in the premises upon which to base such order.
Under the facts, the order is not a final one from which a bill of
exceptions will lie; and the writ of error, being prematurely brought
to this court, will have to be

                                   *Dismissed.   All the Justices concur.*