## CREECH v. OSSEP et al.

1. The word "witness," as employed in the caption and the first section of the act approved December 20, 1898 (Acts 1898, p. 56), which amends section 5315 of the Code of 1895 (§ 5910 of the Code of 1910), relating to the taking of depositions, includes parties to an action who are competent and compellable to give evidence.
2. The act of December 20, 1898, above referred to, is not objectionable upon the ground that it violates that provision of the constitution that no act shall contain matter different from what is expressed in the caption, or that provision of the constitution which inhibits the passage of a law containing two subject-matters.

No. 1438.    DECEMBER 9, 1919.

Rule for contempt. Before Judge W. H. Long. City court of Quitman. April 8, 1919.

B. Ossep brought suit against L. T. Creech Jr., in the city court of Quitman, to recover the sum of $735, for the breach of a contract for the sale of five cars of melons; to which petition the defendant demurred, as well as filed his answer. During the pendency of the hearing the attorneys for the plaintiff served notice upon the attorneys for the defendant that they would take the depositions of the defendant before W. R. Knight, clerk of the superior court of the county, an ex-officio commissioner to take depositions, at his office in Quitman, Georgia on a day named. The defendant appeared on the date named, but refused to answer the questions propounded by the attorney for the plaintiff. Whereupon the commissioner found that the defendant was guilty of contempt in refusing to testify without legal excuse, and certified the proceedings to the judge of the court wherein the suit was pending. The judge issued a rule nisi addressed to the defendant, requiring him to show cause why he should not be adjudged in contempt and be punished as for contempt of court. To this rule nisi the defendant demurred, and also filed his answer wherein he set up that he was willing to give any legal evidence in the manner prescribed by law, but that he believed the proceedings to take his testimony by depositions was illegal and contrary to the provisions of law; that he was willing to give his testimony in the case either by interrogatories or from the stand, after being subpoenaed as a witness for the plaintiff; and that the plaintiff was seeking to discover from him as the defendant by depositions, which is not the legal way prescribed by law. He set up other reasons in his answer why he should not be adjudged in contempt by reason of his refusal to answer the

37

questions propounded by the attorney for the plaintiff. The judge overruled the demurrer, rendered a judgment that the defendant be adjudged in contempt of court, and fixed a fine of $25 for said contempt. To these rulings the defendant excepted.

*M. Baum* and *B. L. Weston,* for plaintiff in error.

*Branch & Snow* and *Sam. T. Harrell,* contra.

BECK, P. J. 1. Two questions are raised for decision in this case. One is whether a party to a suit is a witness within the meaning of that term as used in section 5910 of the Civil Code, providing that either party litigant in any court of record in certain counties may take the depositions of a witness in the case. The term "witness," as here employed, the context being considered and the purposes of the act looked to, is broad enough to include any competent and compellable witness in any of the cases referred to in the statute who could be compelled to testify on the stand on the trial of the case or who could be compelled to answer interrogatories regularly sued out. Section 5858 of the Civil Code, dealing with the subject of the competency of witnesses, provides that "No person offered as a witness shall be excluded, by reason of . . being a party, from giving evidence, either in person or by deposition, according to the practice of the court, on the trial of any issue joined, or of any matter or question, or on any inquiry arising in any suit, action, or proceeding, civil or criminal, in any court or before any judge . . or party having, by law or consent of parties, authority to hear, receive, and examine evidence; but every person so offered shall be competent and compellable to give evidence on behalf of either or any of the parties to the said suit, action, or other proceeding." The subsections to section 5858 contain certain exceptions to the rule stated in that section. Section 5859 declares that there shall be no other exceptions than those allowed under the foregoing paragraphs. Giving to the words of this statute their full force, and considering especially that it is not questioned that parties to a suit could be examined by interrogatories, the word, "witness," as employed in the section first referred to above, will be construed as including parties.

2. The other question for decision is, whether the act of the General Assembly approved December 20, 1898 (Acts 1898, p. 56), amending section 5315 of the Code of 1895 in reference to the taking of depositions, offends the provisions of the constitu-

tion inhibiting the passage of a law which contains more than one subject-matter, or which contains matter different from what is expressed in the caption.

Section 5315 of the Code of 1895 reads as follows: "In all counties of this State of twenty thousand inhabitants and upwards, either party litigant in any court of record in any such county may, without any order or commission, take the depositions of any witness or witnesses in said case, whether resident in the county or not, upon giving the opposite party five days notice of the time and place, with the names of the witnesses." In the act of December 20, 1898, that section is amended by adding thereto, after the word "witnesses," in the seventh line of the section, the words: "Provided further, that the commissioner before whom evidence under this section is to be taken shall have power, on notice being given to the opposite party or his attorney, or on subpœna duces tecum being served, five days previous to the hearing, to require any witness or party to produce at the hearing books, writings, and other documents in his possession, power, custody, or control. That any witness or party refusing to produce, appear, or answer, without legal excuse, shall be guilty of contempt; and upon certification of said act by the commissioner to the judge in whose court the case is pending, the judge shall punish the same as though committed before him." Construing the word "witness," employed in the act, as including parties, the amending act is clearly not open to the objection that it refers to more than one subject-matter, or that it contains matter different from what is expressed in the caption. If it had been held that the party to a suit or action could not be embraced in the word "witness" in this act, a different question would have arisen. But when the word "witness" is construed as indicated above, the amending act is entirely free from objection on the ground that it offends either of the clauses of the constitution referred to; for all that is in the amending act is germane to the single legislative purpose of accomplishing a complete taking of testimony by depositions before a commissioner duly appointed.

Inasmuch as what we have said above affirms the judgment of the court below, it is unnecessary to pass upon the question as to whether or not one of the parties defendant should be stricken, as

that would not affect the decision in any way, or the rights of the parties.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*