17340.   STEPHENS *v.* LIQUID CARBONIC COMPANY.

"In all counties of this State, either party litigant in any court of record in any such county may, without any order or commission, take the deposition of any witness or witnesses in said case, whether resident in the county or not, upon giving the opposite party five days notice of the time and place, with the names of tne witnesses. . . Any witness or party refusing to produce, appear, or answer, without legal excuse, shall be guilty of contempt; and upon certification of said act by the commissioner to the judge in whose court the case is pending, the judge shall punish the same as though committed before him." Civil Code (1910), § 5910. The word "witness," as employed in this section of the code, includes parties to an action who are competent and compellable to "testify on the stand on the trial of the case, or who could be compelled to answer interrogatories regularly sued out." *Creech* v. *Ossep*, 149 *Ga.* 577, 578 (105 S. E. 289). Accordingly, a party to a pending action who is a competent and compellable witness, who is served with proper notice for the taking of his depositions before a court commissioner, and who appears before the commissioner and refuses to answer any proper questions that may be propounded to him, upon the sole ground that he does not come within any of the classes of witnesses whose interrogatories may be taken as provided by section 5886 of the Code of 1910, is guilty of contempt, and, upon the proper certification of these facts to the judge of the court in which the case is pending, may be punished for contempt as provided in the code section quoted above. *Creech* v. *Ossep*, supra; *McAlpin* v. *Ryan*, 150 *Ga.* 746 (101 S. E. 576).

DECIDED FEBRUARY 10, 1927.

Rule against attorney; from Laurens superior court—Judge Camp.   March 20, 1926.

Stephens was the defendant in the superior court of Laurens county, in which the Liquid Carbonic Company was plaintiff. On March 12, 1925, the plaintiff served notice on Stephens that on March 17, 1925, his testimony would be taken as a witness for the plaintiff before a named commissioner. On the day named, Stephens appeared before the commissioner and refused to testify, on the ground that he was a resident of Laurens county, in which the suit was pending, and a practising attorney of the superior court, that he had been present at each term of court since the filing of the suit, that he was in good health and able to respond to a subpœna in the case, that he lived within the jurisdiction of the court and by a summons could be compelled to appear at any term of the court, and that the plaintiff's effort to take his deposition

Contempt, 13 C. J. p. 26, n. 86.

Depositions, 18 C. J. p. 611, n. 19, 22; p. 630, n. 48, 49; p. 645, n. 58; p. 681, n. 92; p. 682, n. 7.

was not in good faith or for the purpose of using his testimony, but solely for the purpose of ascertaining his defense to the pending action, in order that it might be met by pretended evidence. The judge of the superior court of Laurens county cited Stephens for contempt, and on the hearing the rule was made absolute and a fine assessed against him; and to this he excepted.

*T. P. Stephens,* pro se.    *C. C. Crockett,* contra.

JENKINS, P. J. (After stating the foregoing facts.) If the proceeding had been one to take interrogatories under section 5886 of the Civil Code of 1910, or to take depositions before a notary under section 5905, the contentions of the defendant might have been urged with a degree of force, on the theory that any such proceeding to take his testimony was illegal, and he should not be held in contempt for refusing to obey an unauthorized mandate of the court. It has been held that it is not contempt of court for a witness who is being examined by interrogatories to refuse to answer illegal or impertinent questions which would not be admissible on the trial in court. *Fenn* v. *Georgia Ry. & Elec. Co.,* 122 *Ga.* 280 (50 S. E. 103). The proceeding to take the evidence of the defendant was not, however, based upon the provisions for interrogatories as outlined by section 5886, nor was it a proceeding to take depositions before a notary under section 5905, but it was a proceeding to take depositions before a court commissioner, as provided by section 5910 of the Civil Code. In such a proceeding the right to take evidence does not seem to be limited as in the case of interrogatories, or as in the case of depositions before a notary public under section 5905, but the statute here resorted to specifically provides that either party litigant may "take the depositions of any witness or witnesses in said case, whether resident in the county or not;" and the Supreme Court, in the case of *Creech* v. *Ossep,* 149 *Ga.* 577 (101 S. E. 576), held that "the word 'witness' as employed in the caption and the first section of the act approved December 20, 1898 (Acts 1898, p. 56), which amends section 5315 of the Code of 1895 (§ 5910 of the Code of 1910), relating to the taking of depositions, includes parties to an action who are competent and compellable to give evidence." In the *Creech* case the defendant contended, as it is here contended, that the "plaintiff was seeking to discover from him as the defendant by depositions, which is not the legal way prescribed by law." In

the opinion in that case the Supreme Court said: "Two questions are raised for decision in this case. One is whether a party to a suit is a witness within the meaning of that term as used in section 5910 of the Civil Code, providing that either party litigant in any court of record in certain counties may take the depositions of a witness in the case. The term 'witness,' as here employed, the context being considered and the purposes of the act looked to, is broad enough *to include any competent and compellable witness in any of the cases referred to in the statute who could be compelled to testify on the stand on the trial of the case,* or who could be compelled to answer interrogatories regularly sued out." (Italics ours.) The proceeding being one for the taking of depositions before a court commissioner, and not being one for the taking of interrogatories, or for the taking of depositions before a notary public, and the defendant as a party being a competent witness who could be compelled to testify on the trial of the case, under the broad language of the statute resorted to and under the ruling of the Supreme Court in the *Creech* case, the judge did not err in overruling the contentions of the defendant in the contempt case.

The bill of exceptions makes the point "that the court was without jurisdiction to adjudge him in contempt, no questions being propounded to him before the commissioner." This contention does not appear to have been set forth by the defendant's answer to the rule for contempt, and apparently has been abandoned, as no reference is made to it in his brief, and there is no general insistence upon all the grounds set forth in the bill of exceptions. Irrespective of this, however, the first paragraph of the defendant's answer in the contempt proceeding sets forth that "defendant did appear before E. S. Baldwin, clerk of Laurens superior court and ex-officio commissioner to take testimony, and that defendant refused to testify in any manner not with any desire or intention to be disrespectful or in any wise being in contempt of this or any other court, but defendant failed and refused to answer any questions that might have been propounded to him by C. C. Crockett, attorney for plaintiff," for the reasons thereinafter set forth, which have been already referred to. Since it appears that the defendant refused to submit himself to the jurisdiction and authority of the court, "to testify in any manner," and "to answer any questions that might have been propounded to him," it does not seem that

he could now insist that he should not be adjudged in contempt on the theory that the questions which were to be propounded might perhaps have been irrelevant. If he had submitted to the mandate of the court, and had refused to answer any question actually irrelevant or impertinent, he could not, under the authority already cited, have been adjudged in contempt, but where, as here, he notifies the commissioner in advance that he refuses to "testify in any manner" or to "answer any questions," it would be a futile thing to go through the procedure of interrogation to which the defendant has already refused to submit.

The judge having passed the following order: "Upon hearing the within rule, the same is made absolute, and the said T. P. Stephens is fined $25.00 for contempt of court, to be discharged on his appearing before the commissioner within fifteen days and answering depositions on notice being given by plaintiff, with supersedeas granted on filing of bill of exceptions," and the bill of exceptions, under the terms of the order, having thus operated as a supersedeas, the status of the case upon its being here affirmed is that the defendant will become liable to the payment of the fine upon his failing to respond and answer after fifteen days notice from the plaintiff, subsequent to the making of the remittitur the judgment of the court below.

*Judgment affirmed. Bell, J., concurs.*

STEPHENS, J., dissenting. The record does not appear to be complete. The attachment for contempt does not appear of record. Nor does there appear to be any brief of the evidence adduced upon the hearing. There appears a recital in the bill of exceptions that the respondent, T. P. Stephens, "appeared at the time and place before the commissioner named in said notice, that no questions were propounded to him by plaintiff's counsel," and the respondent "advised the commissioner and the attorney for plaintiff that he would not answer any questions." It may be assumed, therefore, that upon the hearing of the contempt proceedings before the judge of the superior court it appeared conclusively that no questions had been propounded to the respondent when he appeared before the commissioner. While the answer of the respondent to the attachment for contempt, which answer is of record, does not expressly state that no questions were propounded to the respondent before the commissioner, it is clearly inferable from the answer

that no questions were propounded, as it is alleged in the answer that the respondent "failed and refused to answer any questions that might have been propounded to him by C. C. Crockett, attorney for plaintiff," for the reason that the respondent, as a party to the case, could not be forced to give evidence before the commissioner. While the answer of the respondent does not expressly allege, as a ground why he should not be adjudged in contempt, that no questions were propounded to him, the answer sets up what occurred before the commissioner, namely, that the respondent "refused to answer any questions that might be propounded to him." This inferentially alleges that no questions were in fact propounded to the respondent. The answer therefore must be construed as setting up the defense that under the facts alleged therein the respondent was not guilty of contempt. Since it appears from the record that no questions were in fact propounded to the respondent, he must necessarily have been adjudged in contempt for a refusal to answer questions before the commissioner when in fact no questions were propounded to him.

It clearly appears, therefore, from the record, that there is presented the issue as to whether the respondent was guilty of contempt in stating to the commissioner that he would not answer any questions propounded to him before the commissioner, when in fact no questions whatsoever were propounded to him. In the bill of exceptions error is assigned upon the ground that the respondent was not guilty of contempt, because no questions had been propounded to him before the commissioner. While the respondent, as plaintiff in error, does not in his brief and argument expressly insist upon this ground of error, yet, as the question is presented in the record and the bill of exceptions, this court is justified in passing upon the question. Civil Code (1910), § 6183. The rule that this court will not decide any question not insisted upon in the brief of counsel for the plaintiff in error is not, as I understand it, mandatory upon the court, but the court may, when in its opinion the justice of the case demands, reverse a judgment upon any ground properly presented by the record, although not insisted upon in the brief and argument for the plaintiff in error. See *Laffitte* v. *State,* 105 *Ga.* 595 (1) (31 S. E. 540), and rules 14 and 15 of the Court of Appeals, Civil Code (1910), §§ 6338, 6339.

I am of the opinion that there can be no contempt on the part of a witness for a failure to answer questions when no question has been propounded to the witness. I am also of the opinion that a mere refusal by the witness to answer a question propounded to him on the stand, after an oath has been administered to him, can not of itself be a contempt. No contempt could arise until the witness refused to obey a mandatory judicial order to answer the question. If a witness appeared in response to a subpœna and refused to take the oath when called upon, he might, after having been ordered by the court to take the oath, although no questions were propounded, be adjudged in contempt for a failure to obey the order to take the oath. If a witness, as in the case of the respondent, appeared before the commissioner in response to a subpœna, and, before being sworn, stated before the commissioner that he would answer no question that might be propounded to him, it certainly would seem that he could not be held in contempt unless he were afterwards ordered to make answer, and an order to make answer to such questions as might be propounded to the witness could not be subject to disobedience until some question was propounded. It seems, therefore, that a mere promissory statement by the respondent, made when appearing before the commissioner in response to a subpœna as a witness, that he would not answer any question that might be propounded to him in the hearing before the commissioner, does not, when no question was in fact propounded to the respondent, amount to a contempt.

A witness is not legally required to answer every question that may be propounded to him. Some questions propounded may seek answers that would be irrelevant or that the respondent might be privileged to refuse to answer. A witness before a commissioner is not in contempt for failure to answer a question which is totally irrelevant to the case. *Fenn* v. *Georgia Ry. & Elec. Co.,* 122 *Ga.* 280 (2) (50 S. E. 103). A failure of a witness to answer a question which he could legally refuse to answer, upon the ground that the answer might tend to incriminate him (Civil Code, § 6362), would hardly subject him to punishment for contempt.

It is conceivable that every question which would have been propounded to this respondent before the commissioner would have been irrelevant and that he would not have been in contempt, under the ruling in *Fenn* v. *Georgia Ry. & Elec. Co.,* supra, in refusing

to answer them. It is possible that the respondent would have been privileged to refuse to answer any question that would have been propounded to him. Let it be supposed that, after the respondent had made his promissory declaration that he would not answer any questions that would be propounded to him, certain questions had in fact been propounded to the respondent which he could have legally refused to answer. His, refusal to answer such questions certainly would not have rendered him in contempt. Could it then be said that his former declaration of refusal to answer any questions that might be propounded to him would render him in contempt? I think not. How then can the respondent be in contempt for making the same declaration of refusal when in fact no questions were afterwards propounded to him?

I disagree with my colleagues that the statement of the respondent before the commissioner that he would not answer any questions that might be propounded amounted to a waiver by the respondent of his right to have questions propounded to him before he could be adjudged in contempt for his failure to answer questions, upon the ground that no specific questions were propounded to him. The respondent, in his dealings with the commissioner, was not dealing as with a party to a contract whose rights might be affected by the respondent's conduct, where the respondent, by virtue of his dealings with the opposite party, might be held to have waived his rights or to be equitably estopped from asserting them. The respondent, in answering the subpœna to appear before the commissioner, was not a party to a contract with the commissioner or with the opposite party to the case, or with the latter's attorney, but the respondent was a witness responding to a subpœna, and was dealing with a court. It can not be said that the respondent, by his conduct in stating that he would not answer any questions propounded, waived any right which he may have had to have questions propounded to him before he could be adjudged in contempt upon the ground of failure to answer questions propounded to him before the commissioner.

I am therefore of the opinion that the respondent, when making the declaration that he would not answer any questions which might be propounded to him before the commissioner, when in fact no questions whatsoever were propounded to him, can not be legally adjudged in contempt, and that therefore the judgment

adjudging the respondent in contempt should be set aside. 13 C. J. 25, § 32.