22882. SPIRES *v.* BEANE *et al.*

SUTTON, J. Where, on September 23, 1932, a distress warrant was levied on the property of the defendant, returnable to the November term, 1932, of the superior court of Richmond county, and where on September 27, 1932, the defendant was adjudicated a bankrupt, and where on September 29, 1932, the defendant brought his petition to the superior court of said county, setting up that he had been adjudicated a bankrupt, that the sheriff was proceeding to sell the property levied on, that his entire estate was being administered by the bankruptcy court, and that unless a stay in the distress-warrant proceedings was granted, a preference would result to the plaintiffs over his other unsecured creditors, and where the court ordered that the proceedings be stayed until further order and that the matter be held in statu quo, and where on October 26, 1932, the plaintiffs brought their petition, under section 6068 of the Civil Code of 1910, setting up that the defendant had obtained a homestead exemption in the bankruptcy court as to the property levied on, that he had executed a lease to them waiving such exemption, that the property levied on had not been replevied, that it was deteriorating in value and was expensive to keep, and prayed for an order to sell the same as provided in section 6069 of the Civil Code of 1910; and where the court, on the hearing of the rule nisi issuing on the petition, ordered the property sold, to which order the defendant excepted and brought the case to this court, this order was not such a final judgment in the proceedings in the court below as may be reviewed by this court. Accordingly, the motion to dismiss the writ of error must prevail. See *Jones* v. *Martens-Turner Co.,* 106 *Ga.* 267 (32 S. E. 137) ; *Luke* v. *Gilley,* 18 *Ga. App.* 327 (89 S. E. 343) ; *Gibson* v. *Motor Finance Co.,* 37 *Ga. App.* 392 (140 S. E. 424).

    *Writ of error dismissed. Jenkins, P. J., and Stephens, J., concur.*

    DECIDED MAY 13, 1933.

*Thomas L. Hill,* for plaintiff in error.

*Hull, Barrett & Willingham, E. D. Fulcher,* contra.