24664.   REAGIN v. STROUD.

SUTTON, J.  The defendant in a pending tort action, who was personally served with notice and subpœna to appear before a commissioner and be examined by the plaintiff under the provisions of sections 38-2301 et seq. of the Code of 1933, refused to appear in response thereto.  Plaintiff filed her written motion in the trial court setting up the facts as to such refusal, and prayed that the defendant be required to appear and be examined on a day certain, or in default thereof that his plea and answer filed in the case be stricken.  A rule nisi was issued on this motion.  The defendant demurred thereto, and the trial judge entered an order sustaining the demurrer and denying plaintiff's motion, upon the ground that the foregoing code provisions did not apply to the defendant, he being a nonresident of Georgia.  *Held:*

1. "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." Code of 1910, § 6138, Code of 1933, § 6-701; *Mathews* v. *Rountree,* 123 *Ga.* 327 (51 S. E. 423) ; *Johnson* v. *Henry,* 178 *Ga.* 542 (174 S. E. 140) ; *Morris* v. *General Motors Acceptance Cor.,* 175 *Ga.* 436 (165 S. E. 103) ; *Belfor* v. *Belfor,* 175 *Ga.* 694 (165 S. E. 635).  The general rule is that a writ of error will not lie from or to an interlocutory decision.  *Clark* v. *Dallas Land Co.,* 141 *Ga.* 110 (80 S. E. 556) ; *McConnell* v. *West,* 105 *Ga.* 468 (30 S. E. 654) ; *Ray* v. *Anderson,* 117 *Ga.* 136 (43 S. E. 408) ; *Baldwin* v. *Lowe,* 129 *Ga.* 711 (59 S. E. 772) ; *Hendricks* v. *Reid,* 125

*Ga.* 775 (54 S. E. 747) ; *Donalson* v. *Norman,* 14 *Ga. App.* 146 (80 S. E. 678) ; *Griffin* v. *Hollingsworth,* 17 *Ga. App.* 403 (87 S. E. 155).

(*a*) A judgment, order, or decree in a matter which is merely collateral or incidental to the main action is not generally such a final judgment as will authorize a direct writ of error between the parties in the main suit. 3 C. J. 451; *Smith* v. *Estes,* 128 *Ga.* 368, 370 (57 S. E. 685) ; *Gibson* v. *Motor Finance Co.,* 37 *Ga. App.* 392 (140 S. E. 424) ; *Spires* v. *Beane,* 46 *Ga. App.* 843 (169 S. E. 386) ; *Daniel* v. *Chastaine,* 48 *Ga. App.* 799 (173 S. E. 864).

(*b*) A writ of error will not lie from an order refusing to compel a witness or party to appear before a commissioner and have his depositions taken pursuant to the provisions of sections 38-2301 et seq. of the Code of 1933. 3 C. J. 495, 496, 497, §§ 328, 329, 330; *Alexander* v. *United States,* 201 U. S. 117 (26 Sup. Ct. 356, 50 L. ed. 686) ; *Webster Coal Co.* v. *Cassett,* 207 U. S. 181 (28 Sup. Ct. 108, 52 L. ed. 160) ; *Rozinsky* v. *Seawright,* 142 *Ga.* 251 (82 S. E. 661) ; *Hill* v. *Tift,* 37 *Ga.* 564. If the plaintiff had sought to have the defendant attached for contempt, and, upon refusal of the court to do so, had sued out a writ of error, a different question would have arisen. See *Realty Construction Co.* v. *Freeman,* 174 *Ga.* 657 (163 S. E. 732) ; *Stephens* v. *Liquid Carbonic Co.,* 36 *Ga. App.* 363 (136 S. E. 808).

2. Striking or refusing to strike an answer or a plea is not a final judgment. *Turner* v. *Camp,* 110 *Ga.* 631 (36 S. E. 76) ; *Ox Breeches Mfg. Co.* v. *Bird,* 1 *Ga. App.* 40 (57 S. E. 975) ; *McCray Refrigerator Sales Cor.* v. *New,* 44 *Ga. App.* 664 (162 S. E. 632) ; *Jackson* v. *Yancey Tractor Co.,* 47 *Ga. App.* 271 (170 S. E. 320). In such a case neither party can except directly to such judgment, but should file exceptions pendente lite, and, upon the rendition of final judgment in the cause, assign error in the bill of exceptions upon such exceptions pendente lite. Code of 1933, § 6-701.

3. It follows that the motion of the defendant to dismiss the writ of error must be granted. Had plaintiff's petition or motion been granted and defendant's plea and answer stricken, upon his failure to appear as a witness and testify, this would not have been such a final judgment as he could have excepted to directly in this court, and therefore neither can the plaintiff except to the refusal of the court to grant such motion.

4. Upon application by the plaintiff in error, leave is granted to have the official copy of the bill of exceptions of file in the office of the clerk of the city court of Atlanta recorded therein as exceptions pendente lite in this proceeding. *Neal-Blun Co.* v. *Zeigler,* 11 *Ga. App.* 273 (75 S. E. 142).

*Writ of error dismissed, with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1935.

*M. H. Collier, W. L. Sala, Joseph J. Hopkins,* for plaintiff.
*Brandon, Hynds & Tindall,* for defendant.