## 19312. GROGAN, Administrator, *v.* BANK OF ACWORTH *et al.*

ARGUED MAY 14, 1956—DECIDED JUNE 13, 1956.

422

*Maddox & Maddox,* for plaintiff in error.

*Wheeler, Robinson & Thurmond,* for parties at interest not parties to record.

*Warren Akin, Paul F. Akin, Lemon M. Awtrey, Jr., H. C. Schroeder,* contra.

HEAD, Justice. 1. No cause shall be carried to the Supreme Court upon any bill of exceptions while it is pending in the court below. Code (Ann. Supp.) § 6-701, (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 455); *Fugazzi, Lovelace & Tomlinson,* 119 *Ga.* 622 (46 S. E. 831); *Battle* v. *Hambrick,* 142 *Ga.* 807 (83 S. E. 937); *Wood* v. *W. P. Brown & Sons Lumber Co.,* 199 *Ga.* 167 (33 S. E. 2d 435); *Sitton* v. *Evans,* 205 *Ga.* 152 (52 S. E. 2d 599).

The order overruling the general demurrers to the response of Guy Owens, as administrator of Miss Lizzie Grogan, is not a proper matter for direct exception. Even if the judgment on the demurrers had been rendered as contended for by the plaintiff in error, this would not be a final judgment on the petition for interpleader.

2. With reference to the demurrers of the plaintiff in error to the petition for interpleader, it is stated in the brief of counsel: "Grounds one, two, three, four, and five are special demurrers to paragraphs seven, eight, nine, and eleven of the petition." The same language is employed in ground 7 of the demurrer to paragraph 17 of the petition; and ground 6 of the demurrer to paragraph 16 is similar in character to the other grounds of demurrer. Counsel for the plaintiff in error stated in open court that the grounds of demurrer by the plaintiff in error to the bank's petition were special demurrers. In his brief counsel relied upon the case of *South Carolina &c. R. Co.* v. *Augusta Southern R. Co.*, 111 *Ga.* 420 (36 S. E. 593).

All of the demurrers to the petition of the bank for interpleader are special demurrers. This is true for the reason that, had the demurrers to every paragraph demurred to been finally sustained, the result would have been to eliminate only the parts held bad. *White* v. *Little*, 139 *Ga.* 522, 523 (3) (77 S. E. 646); *Cheatham* v. *Palmer*, 191 *Ga.* 617, 619 (5) (13 S. E. 2d 674); *Flannagan* v. *Clark*, 207 *Ga.* 345 (61 S. E. 2d 485). Until such time as the petition for interpleader is dismissed, or otherwise disposed of, the cause is pending in the trial court.

There having been no final judgment, or judgment that would be final if rendered as contended for by the plaintiff in error, the present writ of error is premature and must be

*Dismissed. All the Justices concur.*