## 39489. SOUTHERN GUARANTY INSURANCE COMPANY v. BEASLEY et al.

DECIDED MAY 16, 1962.

*William F. Woods*, for plaintiff in error.
*Lindsay, Bell, Everett & Kasper, Edward B. Everett*, contra.

HALL, Judge. The plaintiff (plaintiff in error) in a suit on a promissory note assigns error on the orders of the trial court overruling its demurrers to the answer and cross-action of defendant (defendant in error), overruling its objections to defendant's amendment, overruling its original demurrers and its renewed and additional demurrers to defendant's plea of no consideration, and overruling and denying its motion for judgment on the pleadings.

In the motion designated by plaintiff as a "Motion for judgment on the pleadings" the ground stated is "That no legal defense to the said indebtedness has been *set forth* by either of the defendants before the appearance day and the period allowed by law for opening defaults as a matter of right has expired. . . That the plaintiff is entitled to a judgment as a matter of law in accordance with Code Section 110-406 without the verdict of a jury." (Emphasis supplied).

*Code Ann.* § 110-406 provides: "The court, either in open court or at chambers, shall render judgment without the verdict of a jury in all civil cases founded on unconditional contracts in writing where an issuable defense is not filed under oath or affirmation on or before the appearance day as to such case and where the period allowed by law for opening defaults as a matter of right has expired, and where the case is still in default."

This Code section does not provide a procedure for attacking the legal sufficiency of pleadings. It authorizes the court to grant a judgment when an issuable defense under oath is not *filed* at the stated time, or when the defenses filed have been

stricken. *Moore & Jester v. Smith Machine Co.,* 4 Ga. App. 151 (60 SE 1035) ; *Akers v. Decatur Street Bank,* 16 Ga. App. 262 (85 SE 201). In this case the defendant filed verified defensive pleadings which the court held good against general demurrers. The plaintiff's motion, though plaintiff gives it another name and asks for a default judgment, is in substance a general demurrer to defendant's filed defenses. "It matters not by what name any pleading is called, the court will look to the substance rather than to the name. It is elementary that a misnomer of proceedings does not prevail over the substance." *Waller v. Morris,* 78 Ga. App. 821, 822 (52 SE2d 583).

A judgment overruling or sustaining a demurrer to defensive pleadings is not a final judgment for the purpose of review. *Battle v. Hambrick,* 142 Ga. 807 (83 SE 937) ; *Darden v. Roberts,* 193 Ga. 637 (19 SE2d 270) ; *Grogan v. Bank of Acworth,* 212 Ga. 421, 422 (93 SE2d 569) ; *Samson Tractor Co. v. Furlong,* 28 Ga. App. 659 (112 SE 903) ; *Reagin v. Stroud,* 51 Ga. App. 405, 406 (180 SE 763).

If we should treat the plaintiff's "Motion for judgment on the pleadings" as a motion for summary judgment, the court's ruling thereon would not be reviewable. *Code* § 110-1208; *Burnam v. Wilkerson,* 217 Ga. 657 (124 SE2d 389).

The judgment of the trial court by which it denied and over-ruled plaintiff's motion for judgment on the pleadings was not a final judgment, nor would it have been final if granted as claimed by the plaintiff. The same is true of the antecedent orders of the court overruling plaintiff's objections and demurrers to defendant's pleadings.

*Writ of error dismissed. Felton, C. J., and Bell, J., concur.*